537 A.2d 866

**COMMONWEALTH of Pennsylvania**

v.

**Richard WIENCKOWSKI, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1987.

Filed Feb. 17, 1988.

154

Aaron C. Finestone, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CIRILLO, President Judge, and BROSKY and BECK, JJ.

CIRILLO, President Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County challenging the conviction of Richard Wienckowski by a jury for possession of an instrument of crime, simple assault, involuntary deviate sexual intercourse, and kidnapping. C. Van Youngman, Esquire, represented Wienckowski at trial and subsequently filed post-verdict motions challenging the weight and sufficiency of the evidence. Aaron Finestone, Esquire, represented Wienckowski on these post-verdict motions, and supplemented them with post-verdict motions alleging ineffective assistance of counsel. An evidentiary hearing was held on the ineffectiveness issue. Shortly thereafter, the post-verdict motions, both initial and supplemental, were argued, briefed, and denied.

On the lesser charges of simple assault and possession of an instrument of crime, Wienckowski was sentenced to identical one-to two-year periods of incarceration to run concurrently with a six- to fifteen-year sentence on the involuntary deviate sexual intercourse conviction. On the kidnapping charge, he received a sentence of four to fifteen years to run consecutively with the sentence on the sex offense, bringing his period of incarceration to a total of ten to thirty years. Counsel filed a motion to reconsider sentence in which he argued merger and challenged the imposition of consecutive sentences. The trial judge granted him limited relief by suspending the sentence for simple assault on the grounds of merger and reimposing the same sentence on the other convictions.

On appeal, Wienckowski raises three issues with respect to his conviction and sentencing. First, he argues that his trial counsel was ineffective in: (1) giving an inadequate opening statement; (2) bringing out damaging evidence which had not been introduced by the Commonwealth; and (3) attacking Wienckowski's character during closing argument and pronouncing him guilty of crimes for which he had not been charged. Wienckowski's second contention is that the trial court's verdict was based on insufficient evidence or was contrary to the weight of the evidence, due to the lack of credibility of the complaining witness. The appellant's final contention is that the trial court erred in imposing consecutive sentences. We affirm.

### Ineffectiveness of Counsel

■ In any ineffectiveness of counsel claim, the standard for determining counsel's ineffectiveness is based upon the presumption of competent stewardship, and the burden of proving otherwise is on the defendant. *See Commonwealth v. Westcott*, 362 Pa.Super. 176, 523 A.2d 1140 (1987).

■ To make out a valid claim of ineffectiveness of counsel, then, a defendant must first demonstrate that the underlying issue is of arguable merit. If so, inquiry must then be made into whether the course of action chosen by counsel was not reasonably designed to protect the defend-

ant's best interests. *Id.* Finally, the defendant must show that he was actually prejudiced by his counsel's ineffectiveness. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987).

■ The first ineffectiveness claim raised by Wienckowski is that his counsel improperly prejudiced his case by failing to make an adequate opening statement. Specifically, Wienckowski contends that the opening statement failed: (1) to provide the jury with the opportunity to establish a rapport with counsel; (2) to apprise the jury of the defense theory of consent; and (3) to instruct the jury to look for any inferences of consent which, appellant believes, could be drawn from both complainant's mode of dress and her demeanor.

This argument fails for one very simple reason. The function of the opening statement is not an evidentiary one; rather, its purpose is merely to inform the jury about the case, to provide them with some background, and to present what each side intends to prove. *See Commonwealth v. Saltzberg,* 358 Pa.Super. 39, 516 A.2d 758 (1986). There is no requirement in Pennsylvania that the defense attorney use the opening statement to establish a "rapport" with the jury. Instead, Pennsylvania courts consider such questions as the contents of an opening statement, or even whether to use one at all, to be matters of trial strategy best left to trial counsel. *Commonwealth v. Tarver,* 253 Pa.Super. 185, 384 A.2d 1292 (1976).

■ In the case at bar, trial counsel indicated at the ineffectiveness hearing that, due to the fact that his investigations into the case produced no evidence suggesting that the victim was, in fact, a prostitute, he believed that the best course of action would be to admit what was unavoidable (the identification of the parties to the incident) and to avoid any accusations that the victim was a prostitute or of such ilk until such time as he could hear her testimony. In light of the fact that the victim was a twenty-six-year-old retarded woman of unpredictable disposition, we believe such an action to have been reasonably designed to effectu-

ate the best defense possible under unpredictable circumstances.

■ We similarly do not find that the failure to preview the use of the consent defense in the opening statement prejudiced the defendant. Because the entire body of the case was the word of the complainant against the word of the defendant, all relevant facets of the consent defense were made abundantly clear by the defendant's trial testimony. An alternative approach in the opening statement may have been no more effective in the long run, but the appellant cannot avail himself of such hindsight analysis. *See Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

■ In a closely related issue, Wienckowski claims that his defense counsel was ineffective in failing to "develop" evidence later at trial as to what the victim wore and how she was "hanging out" on the corner. This argument, although briefed and argued before the trial judge, was not memorialized in post-trial motions. For this reason, the trial judge considered it waived, citing *Commonwealth v. Monarch*, 510 Pa. 138, 507 A.2d 74 (1986). In his brief, however, Wienckowski argues this issue anew without providing any legal argument suggesting that this issue should be treated as anything other than waived. Consequently, we likewise consider the issue waived.

Wienckowski makes additional ineffectiveness claims which merit the same treatment. Specifically, he alleges that his counsel was ineffective in: introducing evidence concerning the defendant's gun; stipulating to hearsay evidence; failing to object to hearsay testimony; and failing to pursue the issue of identification.

■ Wienckowski's final claim of ineffectiveness is that the closing argument employed by counsel unduly prejudiced him in the eyes of the jury. Specifically, Wienckowski objects to counsel's remarks that his client was a "bad person" and was guilty of crimes for which he had not been charged. At the ineffectiveness hearing, trial counsel indi-

cated that he had done so in an attempt to ensure that the jury would divorce from their consideration of his guilt on the charges brought any emotional reaction to his client's testimony that he believed he was hiring a prostitute whose earnings he later stole.

In addition, trial counsel indicated that, by expressing distaste to the jury for his client's "seamy" lifestyle, he was establishing common ground with the jury and demonstrating that it was possible to both be shocked by the defendant's professed lifestyle and yet still reach a verdict of not guilty on the crimes charged. As the trial judge noted, the admission of "peccadillos" against the defendant's obvious interest is also a legitimate method of demonstrating his honesty, since a person who is lying would ordinarily place himself in the best light possible.

Clearly, then, the actions of the trial counsel had a reasonable basis designed to effectuate the appellant's best interests. It follows that any prejudice that can be drawn from the counsel's characterization of his client fell short of constituting reversible error. *Cf. Commonwealth v. Zimmerman*, 351 Pa.Super. 5, 504 A.2d 1329 (1986) (counsel's characterization of his case as "gruesome" and his admonitions that the jury should not confuse the client with his counsel held insufficient to merit reversal).

*Sufficiency and Weight of the Evidence*

The second argument raised by Wienckowski is that the verdict was based on insufficient evidence, or, in the alternative, it was contrary to the weight of the evidence. Evidence is legally sufficient to support a verdict if, when viewed in the light most favorable to the Commonwealth and making all the reasonable inferences flowing therefrom, the fact finder could find each element of the offense beyond a reasonable doubt. *Commonwealth v. Aulisio*, 514 Pa. 84, 522 A.2d 1075 (1987). Evidence is adequately weighty if it is not so contradictory, uncertain, or tenuous that the verdicts based upon it would shock the conscience of the court. *Commonwealth v. Whitney*, 511 Pa. 232, 512 A.2d 1152 (1986).

■ The testimony of the victim presented the jury with a very detailed and consistent account of the events of July 28, 1984. On that night, the victim, a mentally retarded young woman, had just exited a 7–Eleven convenience store on her way back to her friend's home a few blocks away when Wienckowski accosted her. He forced her into his cab at knife-point, handcuffed her to the steering column, and engaged her in a sadistic and protracted course of sexual abuse.

■ The only challenge Wienckowski makes to the sufficiency of the evidence at trial is that the verdict was based upon testimony which, he contends, was not credible. It is Pennsylvania law, however, that the trier of fact is free to believe all, part, or none of the evidence adduced at trial. *Commonwealth v. Fahy*, 512 Pa. 298, 516 A.2d 689 (1986). Thus, even uncorroborated testimony of a prosecution witness may be sufficient to convict, despite contrary evidence from the defense, if the trier of fact finds the former credible.

The only possible inconsistencies Wienckowski charges to the victim's testimony concern trivial matters connected to the series of events that were the basis of the criminal charge only in an incidental fashion. For example, at the preliminary hearing, the victim testified that she was abducted after leaving the convenience store. At trial, she testified that she was abducted before entering the store. She was also confused as to whether she had or whether anyone had given her car fare after Wienckowski had released her. As the trial judge properly noted, no person who had undergone such a traumatic experience can be expected to recount trivial details of the eleven-hour incident in sequence each time she tells of the incident. It is only when contradictory evidence is substantial and goes to a material issue so that it tends to undermine the integrity of the verdict that the court, feeling the pangs of conscience, should intervene to take from the jury its fact-finding role. *Commonwealth v. Yocum*, 274 Pa.Super. 533, 418 A.2d 534 (1980). Consequently, since the testimony of

the complainant was sufficient to prove every element of every crime, we find that testimony sufficient to support the verdict.

Wienckowski's challenge to the weight of the evidence produced at trial fails for a similar reason. Appellate courts are reluctant to entertain challenges to the weight of evidence, when such action would require them to assess the credibility of the testimony offered at trial from a "cold record." *See, e.g., Commonwealth v. Nelson,* 514 Pa. 262, 523 A.2d 728 (1987). In any event, other than pointing out very minor inconsistencies in the complainant's testimony, Wienckowski has failed to produce any valid argument suggesting that the victim's testimony should be considered so uncertain as to cause the subsequent verdict to shock the court's conscience. Consequently, we agree with the trial judge's holding that the evidence at trial was sufficiently weighty to convict Wienckowski.

*Consecutive Sentence*

 The appellant's final argument, as written in the "Statement of Questions Involved" in his brief, is "[d]id the lower court err in imposing consecutive sentences?" In multiple conviction cases arising out of one incident, the decision whether to run multiple sentences concurrently or consecutively is discretionary. *Commonwealth v. Mueller,* 274 Pa.Super. 397, 418 A.2d 465 (1980); *cf.* 42 Pa.C.S. § 9757. The appellant has failed, however, to set forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence required by Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). Because the absence of such a concise statement was brought to this court's attention in accordance with *Commonwealth v. Krum,* 367 Pa.Super. 511, 533 A.2d 134 (1987), we must consider that absence to constitute a substantial defect in appellant's brief. Consequently, we will not address the merits of this issue on appeal.

The defendant raises two additional sentencing claims in the "Argument" section of his brief that are not specifically

mentioned in his "Statement of Questions Involved." Because the first of these issues, that the sentence was "unduly harsh," involves a discretionary aspect of sentencing, we consider it to be waived. *See* Pa.R.A.P. 2116(a); *Commonwealth v. Evans*, 332 Pa.Super. 301, 481 A.2d 625 (1984). We cannot so easily dispense with the second issue. In that argument, the Wienckowski contends that the involuntary deviate sexual intercourse conviction should merge with the kidnapping conviction for sentencing purposes, as involving one single transaction. This is a challenge to the legality of the sentence and cannot be waived. *See Commonwealth v. Neidig*, 340 Pa.Super. 217, 489 A.2d 921 (1985). Consequently, we will address it on appeal.

 Before a court may find that separate statutory offenses merge, it must determine not only that the crimes arose from the same criminal act, transaction, or episode, but also that the statutes defining the crimes charged were directed to substantially the same harm or evil. *Commonwealth v. Williams*, 344 Pa.Super. 108, 126–128, 496 A.2d 31, 41–42 (1985). Thus, if a defendant commits several discreet criminal acts, he may be punished separately for them regardless of their close relationship in a single criminal episode, "as long as each act is a separate injury in itself." *Id.* Further, if the defendant's conduct consists of a single physical episode, the merger doctrine does not bar separate punishments if there are substantially different Commonwealth interests at stake. *See, e.g., Commonwealth v. Williams*, 368 Pa.Super. 315, 534 A.2d 101 (1987).

 In applying this test to the facts, it is clear that the offenses do not merge. In the first place, the kidnapping of the complainant was not a prerequisite to the subsequent involuntary deviate sexual intercourse. Once a defendant commits a crime, he will not be permitted to escape liability for additional crimes under the guise that they were committed in the same criminal transaction. *See, e.g., Commonwealth v. Gray*, 339 Pa.Super. 385, 489 A.2d 213 (1985). Furthermore, even if this court were to hold that the two offenses did, in fact, arise out of the same transaction, the

offenses would not merge because kidnapping and involuntary deviate sexual intercourse offend fundamentally different Commonwealth interests.

Judgment of sentence is affirmed.