539 A.2d 887

**COMMONWEALTH of Pennsylvania**

v.

**Alfred Columbus SPARKS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1987.

Filed March 23, 1988.

Moran, II, Esq. to the Honorable Robert I. Shadle, dated February 20, 1986.)

Chris R. Eyster, Pittsburgh, for appellant.

Timothy J. Lucas, Assistant District Attorney, Erie, for Com., appellee.

Before WIEAND, McEWEN and HOFFMAN, JJ.

WIEAND, Judge:

Alfred Columbus Sparks was tried by jury and was found guilty of robbery and rape. Timely post-trial motions were denied. After sentencing, appellant requested that trial counsel file an appeal on his behalf. When no appeal was filed, Sparks obtained other counsel. New counsel filed a notice of appeal but failed to file a brief. This Court dismissed the appeal without prejudice to appellant's right to proceed under the Post Conviction Hearing Act.[1] Sparks then filed a P.C.H.A. petition in the trial court in which he averred that he had received ineffective assistance by trial counsel. This petition was dismissed without an evidentiary hearing. On appeal from the dismissal, this Court, after determining that an arguably meritorious issue existed, reversed and remanded for an evidentiary hearing. *Commonwealth v. Sparks*, 362 Pa.Super. 640, 520 A.2d 1217 (1986). On remand, an evidentiary hearing was held, after which appellant's motion for new trial was again denied. The present appeal is from the order of denial.

The specific conduct by counsel of which appellant complains is counsel's failure to present a closing argument to the jury. The standard by which we measure a claim of ineffective assistance has been set forth in *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987). The Court there said that if the underlying claim is of arguable merit, counsel's performance must be evaluated in light of its reasonableness. However, counsel is presumed to have acted in an effective manner. Moreover, even if counsel's performance is determined to have had no reasonable basis, the defendant must also demonstrate that the ineffectiveness caused actual prejudice to him in the outcome of the proceedings.

1. 42 Pa.C.S. § 9541 et seq.

On October 6, 1982, Lou Ann Wolfe was walking home from Billie's Bar in Erie when she was robbed and sexually assaulted in a field near her home. Immediately following the incident, she described her assailant to the police. A week later, she was shown a series of photographs from which she picked appellant and identified him as the perpetrator. At trial, defense counsel waived an opening statement. The Commonwealth called eight witnesses, including the victim and several experts, and the defense called four witnesses, including the appellant and two alibi witnesses. Our examination of the record discloses that the testimony was ambiguous and conflicting on both sides. The description of the assailant as given by the victim to police following the incident was inconsistent with appellant's actual appearance. Immediately following the incident, Ms. Wolfe had described her assailant as a black man with short hair. Subsequently, after viewing photographs, she said that his hair had been worn in braids. She also had failed to tell police that her assailant had extensive facial scarring, a fact which she added for the first time after viewing appellant's photograph. Additional discrepancies became apparent when her trial testimony was compared with her testimony at the preliminary hearing. The medical evidence presented by the Commonwealth was also inconclusive. A criminalist called by the Commonwealth testified that the semen removed from the victim's vaginal area was that of a male who was a nonsecretor of antigens. Although tests involving appellant showed that he was a nonsecretor of antigens, it was conceded by the Commonwealth witness that twenty-seven (27%) percent of black males are nonsecretors. A Commonwealth medical expert also conceded during his cross-examination that the results of an acid phosphatase test performed on Ms. Wolfe three hours after the alleged incident had been inconsistent with recent sexual intercourse. The medical witness testified that the only positive evidence of an attack on the victim were scratches and abrasions appearing on her body. Ms. Wolfe had testified, however, that she did not receive the scratches and abra-

sions during the attack. On the defense side, there were inconsistencies in the testimony of alibi witnesses.

The trial lasted several days, and at the close of the evidence, the court recessed for the weekend. On Monday morning, appellant's trial counsel stated:

> Your Honor, the defense has nothing further to add to a case that is already riddled with confusion, reasonable doubt and contradictions. We rest.

The District Attorney thereafter presented a summation spanning thirty-nine pages of trial transcript, in which, inter alia, he offered explanations for the inconsistencies in the Commonwealth's evidence and characterized the medical evidence as "unrefuted."

At the P.C.H.A. hearing, trial counsel testified that he thought he "had the case won," and, although admitting that he had never used the same strategy before, thought that his disdain for the Commonwealth's evidence would have an impact on the jury by suggesting, at least by implication, that he "did not want to dignify the Commonwealth's case with a response."

■ The constitutional right to representation by counsel in a criminal proceeding includes the right to make a closing argument. *Commonwealth v. Gambrell*, 450 Pa. 290, 293, 301 A.2d 596, 598 (1973), citing *Stewart v. Commonwealth*, 117 Pa. 378, 11 A. 370 (1887). However, the right may be waived as a matter of trial strategy. *Commonwealth v. Turner*, 469 Pa. 319, 325, 365 A.2d 847, 850 (1976). Although this Court has on several occasions held that a waiver of the right to make closing argument might under certain circumstances be a reasonable trial strategy, those cases were non-jury trials of short duration in which the evidence had been straightforward and uncomplicated. See, e.g.: *Commonwealth v. Turner, supra; Commonwealth v. Ramsey*, 259 Pa.Super. 240, 393 A.2d 806 (1978).

In the instant case, the trial was held before a jury. Moreover, the evidence was neither consistent nor uncomplicated, and the trial consumed several days.

It can hardly be questioned that closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. For it is only after all the evidence is in that counsel for the parties are in a position to present their respective versions of the case as a whole. Only then can they argue the inferences to be drawn from all the testimony, and point out the weaknesses of the adversaries' positions. And for the defense, closing argument is the last clear chance to persuade the trier of fact that there may be reasonable doubt of the defendant's guilt.

*Herring v. New York,* 422 U.S. 853, 862, 95 S.Ct. 2550, 2555, 45 L.Ed.2d 593, 600 (1975), citing *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

■ We are constrained to conclude in this case that counsel's failure to make closing argument was unreasonable and rendered his assistance constitutionally ineffective. He had made no opening statement to outline appellant's case for the jury. The evidence had been conflicting, and the medical evidence had been complex. Defense counsel's failure to comment thereon was in unfortunate contrast to an extensive closing argument made by counsel for the Commonwealth in which he offered plausible explanations for inconsistencies in the Commonwealth's evidence. Thus, when it began deliberations, the jury had not had the benefit of any explanation by the defense of its version of the facts, while the Commonwealth's position had been presented forcefully and emphatically. Although defense counsel might personally have found the inadequacies of the Commonwealth's case to have been apparent, the assumption that they were equally obvious and memorable to the jury without comment by counsel was, under the circumstances of this case, unreasonable and strategically lacking in merit.

It seems eminently clear that appellant was prejudiced by his trial counsel's ineffectiveness. The Commonwealth's evidence was not overwhelming, and the contradictions and inadequacies therein, if pointed out to the jury, may well

have created reasonable doubt as to whether appellant had committed the crimes with which he was charged. Had trial counsel addressed the jury on his client's behalf and emphasized the weaknesses in the Commonwealth's evidence, there would have been a "potential for success substantially greater than the tactics used." *Commonwealth v. Pierce, supra,* 515 Pa. at 162, 527 A.2d at 977, quoting *Commonwealth v. Clemmons,* 505 Pa. 356, 361, 479 A.2d 955, 957 (1984).

Because appellant did not receive a fair trial in which he was represented by counsel who was constitutionally effective, he must be awarded a new trial.

Reversed and remanded for a new trial. Jurisdiction is not retained.