544 A.2d 1381

**COMMONWEALTH of Pennsylvania**

v.

**Jerry Paul WILSON, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 14, 1987.

Filed June 20, 1988.

Reargument Denied Aug. 16, 1988.

Michael Handler, Assistant Public Defender, Indiana, for appellant.

Before BROSKY, DEL SOLE and HOFFMAN, JJ.

DEL SOLE, Judge:

This is an appeal from the judgment of sentence for rape, 18 Pa.C.S.A. § 3121, and indecent assault, 18 Pa.C.S.A. § 3126. Appellant contends that (1) the trial court erred in quashing a subpoena served by Appellant on the director of the Alice Paul House, (hereinafter APH), a rape crisis center located in Indiana, Pennsylvania, requesting production of their records; and (2) that the trial court erred in its instruction to the jury concerning the relative difference between rape and indecent assault. We agree with the trial court that Appellant's second issue lacks merit, and rely on the thorough discussion of President Judge Robert C. Earley on the matter. However, for the following reasons we vacate the judgment of sentence and remand this case for proceedings consistent with this opinion.

Appellant was convicted of rape and indecent assault in connection with the sexual assault of a woman on August 14, 1986. The following day the victim went to the APH and was interviewed by various staff members there.

At Appellant's pretrial conference, he requested from the Commonwealth production of all records pertaining to any interviews which the victim may have had at APH. This request was included in the Omnibus Pretrial Motion filed by Appellant on October 29, 1986, and on November 6, 1986, Appellant served a subpoena duces tecum upon Lenore Patton, Director of APH, requesting production of all such records for inspection by Appellant. APH's petition to quash the subpoena, which claimed confidentiality of all of

these documents pursuant to the Act of 1981, December 23, P.L. No. 169, Section 1, 42 Pa.C.S.A. § 5945.1 was granted.[1]

Appellant now asserts that this was error on the part of the trial court, maintaining that the Act does not apply in this situation, and that even if the Act does apply, the Act is unconstitutional under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and under comparable provision of the Pennsylvania Constitution.

The law in this area has received special attention since our Supreme Court's decision in *In the Matter of Pittsburgh Action Against Rape, ("PAAR")*, 494 Pa. 15, 428 A.2d 126 (1981). In *PAAR* the Supreme Court refused to create a common law absolute privilege for all communications between a rape crisis counselor and victims seeking

1. § 5945.1 Confidential communications to sexual assault counselors
    (a) Definitions.—As used in this section the following words and phrases shall have the meanings given to them in this subsection:
    "Rape crisis center." Any office, institution or center offering assistance to victims of sexual assault and their families through crisis intervention, medical and legal accompaniment and follow-up counseling.
    "Sexual assault counselor." A person who is engaged in any office, institution or center defined as a rape crisis center under this section, who has undergone 40 hours of training and is under the control of a direct services supervisor of a rape crisis center, whose primary purpose is the rendering of advice, counseling or assistance to victims of sexual assault.
    "Victim." A person who consults a sexual assault counselor for the purpose of securing advice, counseling or assistance concerning a mental, physical or emotional condition caused by a sexual assault.
    "Confidential communication." Information transmitted between a victim of sexual assault and a sexual assault counselor in the course of that relationship and in confidence by a means which, so far as the victim is aware, does not disclose the information to a third person other than those who are present to further the interests of the victim in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or an accomplishment of the purposes for which the sexual assault counselor is consulted. The term includes all information received by the sexual assault counselor in the course of that relationship.
    (b) Privilege.—A sexual assault counselor has as privilege not to be examined as a witness in any civil or criminal proceeding without the prior written consent of the victim being counseled by the counselor as to any confidential communication made by the victim to the counselor or as to any advice, report or working paper given or made in the course of the consultation.

aid from such personnel. *Id.* The Court balanced the following factors in stating its rationale:

> There is an undoubtable public interest in helping victims of rape to cope with inevitable disruption of emotional stability caused by the physical assaults they suffer. There is an equally compelling public interest in encouraging victims of violent crime to come forward. ... [Nonetheless], [i]t would be unfair to erect a privilege that would deny the accused the opportunity at least to ascertain what the complainant previously has said.

*Id.*, 494 Pa. at 24, 428 A.2d 130, 494 Pa. at 27, 428 A.2d at 132. Accordingly, the Court held:

> that upon defense request a court should authorize defense inspection of only those statements of the complainant contained in the file which bear on the facts of the alleged offense. The court, however, must not permit defense inspection of statements of the complainant having no bearing on the facts of the counselling services PAAR provides. The trial court shall not permit defense review of any other aspect of the file.

*Id.*, 494 Pa. at 19, 428 A.2d at 127–28. The review by the trial court is to be held *in camera* and the judge is to determine exactly what in the file are truly "statements" of the victim and not recollections or interpretations of the interviewing counselor. Such statements are to be "verbatim accounts of the complainant's declarations and notes that the complainant has approved as accurately reflecting what she said." *Id.*, 494 Pa. at 28, 428 A.2d at 132. Furthermore, only statements that have a direct bearing to the facts of the alleged offense and not to counselling services may be released. The Court strongly cautions against improper disclosure.

Following the decision in *PAAR*, the Legislature enacted the sexual assault counselors' privilege statute. 42 Pa.C. S.A. § 5945.1. It grants sexual assault counselors a privilege "not to be examined as a witness in any civil or criminal proceeding without the prior written consent of the victim being counseled...." 42 Pa.C.S.A. § 5945.1(b).

In the recent case of *Commonwealth v. Samuels*, 354 Pa.Super. 128, 511 A.2d 221 (1986), this Court had occasion to deal with the Act. In *Samuels*, appellant was arrested for the sexual assault of an eleven-year-old girl. He requested that the file compiled by Bucks County Women Organization Against Rape (WOAR) relating to its interviews with the victim, be released for inspection. The trial court denied appellant's request. When appellant filed post-trial motions alleging this to be an error, an *in camera* inspection by the trial court did take place.

On appeal in *Samuels*, this Court held that since defense counsel had sought only pretrial examination of certain materials in the possession of the rape crisis center and had never sought to examine any counselor as a witness, that § 5945.1 was inapplicable. The outcome was governed by the principles announced in *PAAR*. *Id.*

■ We agree with Appellant that the case *sub judice* is like *Samuels*, and therefore the Act is inapplicable.[2] Thus, it is unnecessary to reach the issue of the constitutionality of § 5945.1. This is in keeping with the well-established principle that a court is not to rule on the constitutionality of a statute unless it is absolutely necessary to do so in order to decide the issue before it. *Millcreek Township School District v. Star Theatre, Inc.*, 172 Pa.Super. 291, 94 A.2d 53, (1953).

■ Appellant never attempted to examine any rape crisis counselor as a witness. Appellant's basis for inspection of APH's file was to determine whether the victim made statements to staff members at APH bearing on the facts surrounding the alleged incident; a search for the existence of prior inconsistent statements. Therefore, this case is governed by *PAAR*, and *Samuels*, and the guidelines set

2. We point out that the record is devoid of any evidence submitted by APH that it is protected by the statute. There is no recitation of APH's credentials, nor any testimony as to the type or length of training received by the sexual assault counselors who interviewed the victim herein.

forth in *PAAR* should have been utilized by the trial court in order to determine the scope of the inspection.

Accordingly, the judgment of sentence is vacated. We remand to the trial court for an *in camera* proceeding consistent with this opinion. If the court concludes that any or all of the materials released to it by APH are statements of the complainant that should have been disclosed to the Appellant and heard by the jury, then a new trial shall be granted. If however, the court concludes that the materials are not statements of the complainant or are statement relating only to counselling services, and thus outside the scope of defense review, the court shall reimpose sentence.

Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

HOFFMAN, J., concurs in the result.