563 A.2d 1210

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Wayne O'Brien AULTMAN, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 30, 1988.

Filed Aug. 21, 1989.

114

Mark S. Guralnick, Broomall, for appellant.

Dennis C. McAndrews, Asst. Dist. Atty., for Com., appellee.

Before McEWEN, MONTEMURO and KELLY, JJ.

MONTEMURO, Judge:

The appellant, Wayne O'Brien Aultman, appeals from the judgment of sentence rendered against him, claiming that the trial court erred when it denied his motion in arrest of judgment or for a new trial based on: (1) after-discovered evidence; (2) insufficient evidence; (3) counsel's failure to seek a severance; (4) the absence of the words "without her consent" on some of the verdict slips, and (5) the quashing of his subpoena directing the Women Against Rape (WAR) to disclose its records concerning the victim.  Although we

find no error as to the first four issues the trial court's decision with respect to the fifth issue constitutes reversible error.

On January 29, 1987, the appellant was invited to eat dinner at the victim's home by the victim's husband. After putting her children to bed, the victim watched television in the living room, while her husband and the appellant attempted to fix a lamp in the dining room. She went upstairs to bed about one o'clock in the morning. Her husband joined her a few minutes later and attempted to have sexual intercourse with her. When his attempt failed, he ordered her downstairs, where he tried to have sexual intercourse with her on the dining room floor. When this also failed, he called to the appellant, who was sleeping on the living room sofa, and invited him to have sex with the victim. The victim's husband ignored her protests, and restrained her, while the appellant proceeded to have vaginal and anal intercourse with the victim. When the victim screamed in pain at this latter intrusion, the victim's husband began hitting the appellant. After the appellant left, the victim's husband demanded that she allow him to have anal intercourse with her. When she refused, he severely beat her. The victim later fled with her children to the safety of her father's home. The next day she filed charges against her husband but only in regard to the beating. Two weeks later, she filed charges against both her husband and the appellant regarding the sexual assault.[1] The appellant was charged with and convicted of rape,[2] involuntary deviate sexual intercourse,[3] indecent assault,[4] simple assault,[5] and four counts of criminal conspiracy.[6] After denying the appellant's post-trial motions, the

---

1. The charges against the appellant and the victim's husband were consolidated for trial.
2. 18 Pa. C.S.A. § 3121(1).
3. 18 Pa. C.S.A. § 3123(1).
4. 18 Pa. C.S.A. § 3126(1).
5. 18 Pa. C.S.A. § 2701(a).
6. 18 Pa. C.S.A. § 903(a)(1).

trial court sentenced him to serve a total of six to twelve years in a state correctional institution. He appeals.

■ The appellant's argument that he is entitled to a new trial, based on evidence discovered after the trial, is without merit. In order for us to grant the appellant a new trial on the basis of after-discovered evidence, the appellant must establish that the evidence: (1) was discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely for impeaching the credibility of a witness, and (4) is of such a nature and character that a different verdict will likely result if a new trial is granted. *Commonwealth v. Satzberg*, 358 Pa.Super. 39, 45, 516 A.2d 758, 761 (1986) (quoting *Commonwealth v. Valderrama*, 479 Pa. 500, 505, 388 A.2d 1042, 1045 (1978)). The appellant's after-discovered evidence was to have been supplied by a neighbor named John Trill, who, according to the appellant, would have testified that: (a) the victim spoke to him after the incident about the beating but did not mention the sexual assault; and (b) the victim wanted to remove her husband from her life due to her new lifestyle, new boyfriend, and new allegiance to a different group of friends. This evidence fails to meet the standard required for the grant of a new trial, first, because it could have been obtained prior to trial by the exercise of reasonable diligence. Had defense counsel questioned the victim's neighbors about their contacts with the victim, this evidence would have been uncovered. Further, Mr. Trill attended the trial and, therefore, was available at all times to defense counsel. Second, even if this evidence was not discoverable prior to or during the trial with the exercise of reasonable diligence, it could only have been used to impeach the victim's credibility, not to exculpate the appellant. Finally, it is not of such a character that its admission would result in a different verdict. The fact that the victim did not tell a male neighbor about her sexual assault at the hands of her husband and his friend is hardly surprising. For these

reasons, we conclude that the trial court correctly denied the appellant's motion for a new trial on the basis of this after-discovered evidence.

The appellant next argues that the trier of fact did not have sufficient evidence to establish the appellant's guilt beyond a reasonable doubt.[7] The standard of review which we employ when reviewing the sufficiency of the evidence is "whether, reviewing the evidence in the light most favorable to the Commonwealth [as verdict winner], and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Carbone*, 375 Pa.Super. 261, 264, 544 A.2d 462, 463 (1988) (citations omitted). A person commits rape if he engages in sexual intercourse with a victim, who is not his spouse, by forcible compulsion. 18 Pa. C.S.A. § 3121. A person commits involuntary deviate sexual intercourse if he engages in deviate sexual intercourse with a victim by forcible compulsion. 18 Pa. C.S.A. § 3123. A person commits indecent assault if he has indecent contact with a victim, who is not his spouse and who does not consent to such contact. 18 Pa. C.S.A. § 3126. Each of these crimes contains the element of lack of consent, which must be proven to sustain the appellant's convictions of rape, involuntary deviate sexual intercourse, and indecent assault.

In the instant case, the victim testified that the appellant inserted his penis into her vagina and anus while her husband held her down. The appellant argues that this evidence is insufficient to sustain his convictions, because the victim's testimony is patently unbelievable,[8] the appel-

7. The appellant never specified in his appellate brief which of his convictions were unsupported by the evidence. However, in the interests of judicial economy, we will assume that he is challenging his rape, involuntary deviate sexual intercourse, and indecent assault convictions, since he stated in post-trial motions that the evidence was insufficient to establish lack of consent, and these are the only offenses to which consent is material.

8. The appellant bases this conclusion on the following testimony given by the victim:

lant gave a different account of the incident in question.[9] We disagree. Credibility is an issue for the trier of fact, who is free to believe all, part, or none of the evidence presented by a witness. *Commonwealth v. Fahy,* 512 Pa. 298, 308, 516 A.2d 689, 694 (1986). Furthermore, "even uncorroborated testimony of a prosecution witness may be sufficient to convict, despite contrary evidence from the defense, if the trier of fact finds the former credible." *Commonwealth v. Wienckowski,* 371 Pa.Super. 153, 161, 537 A.2d 866, 869–870 (1988). Finally, the victim's testimony was not so unreliable and/or contradictory as to require us to overturn the jury's verdict. *See Commonwealth v. Fahy,* 512 Pa. 298, 308, 516 A.2d 689, 694 (1986) (the jury's verdict will be overturned where the evidence offered to support the verdict is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture). In fact, the victim's testimony remained consistent throughout the judicial proceedings. For these reasons, we conclude that the trial court correctly denied the appellant's motion for a new trial based upon the insufficiency of the evidence.

The appellant next contends that he is entitled to be retried because trial counsel's failure to request a trial severance vitiated his opportunity for a fair trial. When reviewing claims of counsel's ineffectiveness, we apply the following analysis: (1) Is the appellant's underlying claim of arguable merit? (2) Was counsel's performance reasonable under the circumstances? (3) Was the appellant prejudiced by the alleged ineffectiveness? *Commonwealth v. Sparks,*

(1) The victim's husband attempted to have sex with her upstairs in their bedroom for about an hour.

(2) She had to go downstairs to the dining room with her husband because he told her to do so.

(3) She attempted to engage in sexual intercourse with her husband in the dining room knowing that the appellant was sleeping on the couch in the adjoining room and realizing that there was no door or screen between the two rooms.

**9.** The appellant testified that the victim came downstairs alone, woke him up, and engaged in consensual sexual intercourse with him, until they were interrupted by the victim's husband. He also claimed that anal intercourse had not occurred and that the three of them had engaged in sex prior to this particular incident.

372 Pa.Super. 463, 465, 539 A.2d 887, 888 (1988). We need look no further than the first prong of this analysis in order to affirm the trial court's denial of appellant's motion for new trial on the basis of his counsel's failure to seek a severance. Pa.R.Crim.P. 1127(A)(2) provides that "defendants charged in separate indictments or informations may be tried together if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." The appellant concedes that the charges against the co-defendants arose out of the same questions of law and fact, all of which were derived from the same series of acts. However, he asserts that a severance was necessary because of the confusion, imprecision, and testimonial discrepancies of the two defendants, all of which deprived him of a fair trial. He also opines that "even an experienced trial attorney would have difficulty separating in his mind which conduct or series of events made out which crime committed by which defendant at which point in time." Appellant's brief at 20. We disagree. The consolidated trial lasted only three days, during the course of which only four witnesses testified: the victim, the victim's father, the victim's husband, and the appellant. Their testimony was neither confusing nor complex. The victim testified that her husband held her down while the appellant vaginally and anally raped her. The appellant testified that the victim's husband came downstairs to find the appellant and the victim engaging in consensual vaginal sexual intercourse. The victim's husband testified that he came downstairs and found his wife and the appellant having sex, admitted hitting the appellant, but denied that he severely beat his wife. We fail to see how this testimony could so confuse the jury as to prejudice the appellant. Furthermore, even if counsel had requested a severance, the request would have been denied. Trial Court Opinion at 9. We therefore hold that the trial court did not err in denying the appellant a new trial on the basis of counsel's failure to seek a severance.

The appellant's next contention is that he is entitled to a new trial based on the trial court's failure to include the words "without her consent" on the verdict slips for the rape, involuntary deviate sexual intercourse, and indecent assault charges. We disagree. First, the appellant's failure to object at trial to the contents of the verdict slips prevents us from reviewing this improperly preserved issue on appeal.[10] *Commonwealth v. Shain,* 324 Pa.Super. 456, 467 n. 1, 471 A.2d 1246, 1251 n. 1 (1984) (in order to preserve an issue for appellate review, a timely specific objection at trial must be made and raised in written post-trial motions). *See also* Pa. R.A.P. 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal). Furthermore, this argument lacks merit. The absence of the phrase "without her consent" from the verdict slips did not, as the appellant contends, constitute "harmful error of such magnitude as to destroy the prima facie basis for any rape or sex offense conviction based thereupon." Appellant's Brief at 25. On the contrary, the error, if any occurred, was harmless. "An error cannot be held harmless unless the appellate court determines that the error could not have contributed to the verdict. Whenever there is a reasonable possibility that an error might have contributed to the conviction, the error is not harmless." *Commonwealth v. Dungan,* 372 Pa.Super 323, 338–339, 539 A.2d 817, 824 (1988). In the instant case, the trial court instructed the jury that lack of consent is an essential element of rape, involuntary deviate sexual intercourse, and indecent assault. N.T. at 392–395. In light of these instructions, the omission of the phrase "without her consent" on the verdict slips could not possibly have contributed to the appellant's conviction of rape, involuntary deviate sexual intercourse, and indecent assault.

The appellant's final contention is that the trial court

---

**10.** Although counsel for the co-defendant brought the absence of this term to the attention of the trial court, it does not appear from the record that any formal objection was made regarding this issue by either the co-defendant or the appellant.

erred when, in reliance upon 42 Pa.C.S.A. § 5945.1 [11] (confidential communciations to sexual assault counselors), it quashed his subpoena issued against Women Against Rape (WAR) personnel.[12] Specifically, he argues that § 5945.1 is inapplicable in this case because he was not attempting to examine the counselor, as prohibited by § 5945.1, but was only attempting to obtain the records. This argument has some merit.

The subpoena was directed towards Ms. Jean Lane, c/o Women Against Rape of Delaware County located in Media, Pennsylvania, and was worded in the following manner: [13]

**1. You are ordered by the court to come to** Court Room # 4 (Judge Semeraro) Delaware County Court House at Media, Pennsylvania, on June 29, 1987 at 10:00 o'clock, A.M., to testify on behalf of Wayne O'Brien Aultman in the above case, and to remain until excused.

**2. And bring with you the following:** Any and all records, data, papers, information, etc., in regard to Donna Lee Thistlewood and/or Wayne O'Brien Aultman; and to disclose such to the undersigned or make available for copying on or before June 5, 1987 in preparation for June 29, 1987.

**This subpoena is issued upon application of** Edward J. McMearty, Esq.

**11.** Section 5945.1 provides in pertinent part that:
**(b) Privilege.**—A sexual assault counselor has a privilege not to be examined as a witness in any civil or criminal proceeding without the prior written consent of the victim being counseled by the counselor as to any confidential communication made by the victim to the counselor or as to any advice, report or working paper given or made in the course of the consultation.
42 Pa.C.S.A. § 5945.1

**12.** Although the constitutionality of § 5945.1 was vigorously argued on appeal by the intervenor and *amicus curiae,* and is one which we feel is of importance, this issue was never raised by the appellant on appeal. Therefore, it is deemed waived. *See Commonwealth v. Chew,* 338 Pa.Super. 472, 479 n. 3, 487 A.2d 1379, 1383 n. 3 (1985) (failure to argue an issue in an appellate brief constitutes waiver).

**13.** The wording of the subpoena which appears in bold represents that part of the subpoena which was pre-prepared. The wording of the subpoena which appears in regular print was typed in by the person issuing the subpoena.

For the purposes of our review, we have divided the subpoena into three separate parts. The first part includes that language which orders Ms. Lane to testify on the appellant's behalf. The second part contains that language which directs Ms. Lane to bring with her to the trial all records pertaining to the victim or the appellant. The third and final part of the subpoena is that language which requests Ms. Lane to disclose these records to the appellant's attorney prior to the date set for trial. We will address the propriety of the trial court's action in quashing the subpoena as to each individual part.

Clearly, the first part of the subpoena was properly quashed. Section 5945.1 expressly prohibits the examination of a sexual assault counselor as a witness in a criminal proceedings unless the victim has given her consent. Since consent was not forthcoming, the trial court properly quashed this part of the subpoena.

The question of whether the second part of the subpoena, requesting the production of WAR's records on the day of trial, was properly quashed has already been addressed and answered by this Court in *Commonwealth v. Samuels*, 354 Pa.Super. 128, 511 A.2d 221 (1986). In *Samuels*, the defendant was charged with statutory rape. He was prevented from obtaining the records of the rape crisis center, which had counseled the victim, by the trial court, who quashed his subpoena pursuant to 42 Pa.C.S.A. § 5945.1. On appeal, the appellant argued that § 5945.1 was unconstitutional. We never reached the merits of this issue, because we concluded that § 5945.1 was inapplicable, since the statute only grants sexual assault counselors a privilege not to be examined as a witness and defense counsel never sought to examine any WOAR counselor as a witness. Having concluded that § 5945.1 was inapplicable, we went on to hold that the case was governed by the principles announced in *In re Pittsburgh Action Against Rape (PAAR)*, 494 Pa. 15, 428 A.2d 126 (1981).[14] Unlike the

14. In *In re Pittsburgh Action Against Rape (PAAR)*, which was decided prior to the enactment of § 5945.1, our Supreme Court refused to

case presently before us, the trial court in *Samuels* conducted a review of the record in accordance with *PAAR* after post-trial motions were filed and found that no statements whatsoever were made by the victim. Based on this review, we were able to conclude that the appellant was not prejudiced by the trial court's improper quashing of the subpoena.

Two years later, in *Commonwealth v. Wilson*, 375 Pa.Super. 580, 544 A.2d 1381 (1988), we followed the holding of *Samuels* and held that § 5945.1 does not apply to a situation in which defense counsel seeks only to examine materials in the possession of the rape crisis center. Unlike *Samuels*, the trial court in *Wilson* never reviewed the rape crisis center's records pursuant to *PAAR*. Therefore, we were compelled to vacate the sentence and to remand the case for an *in camera* review with the following instructions: "If the court concludes that any or all of the materials released to it by APH [a rape crisis center] are statements of the complainant that should have been disclosed to the Appellant and heard by the jury, then a new trial shall be granted. If however, the court concludes that the materials are not statements of the complainant or are statement[s] relating only to counselling services and thus outside the scope of defense review, the court shall reimpose sentence." *Id.*, 375 Pa.Superior Ct. at 585, 544 A.2d at 1384 (clarification added). Because we are bound by our holdings in *Samuels* and *Wilson*, we conclude that it was reversible error for the trial court to quash this part of the subpoena.[15]

extend to rape counselors an absolute privilege of confidentiality. However, it did recognize the existence of a limited privilege. The Court held that a rape counselor's records are subject to *in camera* review, and that only "statements" of the rape victim, and interpretations or recollections of the PAAR counselor, are to be made available to the defense. The Court limited the term "statements" to include only notes that are verbatim accounts of the victim's declarations and notes that the victim has approved as accurately reflecting what she said. *Id.*, 494 Pa. at 28, 428 A.2d at 132.

**15.** Although we agree with the appellant that the trial court erred when it quashed the second part of the subpoena in reliance upon § 5945.1, we would like to point out that the appellant's additional

■ Although the trial court erred in quashing the second part of the subpoena, it properly quashed the third part. Because the request to obtain WAR records is governed by *PAAR*, the appellant's attempt to obtain the records for its own inspection prior to trial was improper. *PAAR* clearly provides that these records are protected by a limited privilege of confidentiality, which is preserved by an *in camera* review of the record by the trial court. It is only when the court determines that these records contain "statements" made by the victim that such "statements", and only such statements, are turned over to the appellant. Because *PAAR* limits the defense's review of the records to those parts which contain the victim's statements, as previously determined by the trial court, the trial court properly quashed this portion of the subpoena.[16]

In addition to the issues raised in the appellant's post-trial motions, the appellant has also filed two *pro se* briefs with this court. In the first brief, he alleges that his sentence is illegal, because he received a sentence for a crime of which was never convicted. In the second one, he alleges that prison officials at Graterford State Correctional Institution refuse to permit him access to five cassette tapes which contain the record of all of the appellant's court appearances. We will not consider the issues raised in either of the appellant's *pro se* briefs, because the appellant is represented by counsel. *Commonwealth v. Knapp*, 374 Pa.Super. 160, 542 A.2d 546, 548 (1988). Even if we were to

argument that the file should have been turned over to the appellant pursuant to Pa.R.Crim.P. 305(B)(1)(a) is without merit. Rule 305(B)(1)(a) declares that the Commonwealth shall provide to the appellant "any evidence favorable to the accused which is material either to guilt or to punishment, and which is within the possession or control of the attorney for the Commonwealth." Although the evidence sought by the appellant was material to appellant's guilt, the appellant never established that the evidence was within the possession or control of the Commonwealth. Therefore, this rule is inapplicable to the instant case.

16. Even if *PAAR* did not provide an adequate basis for the court's action, the third part of the subpoena would properly have been quashed under the rule enunciated in *Cohen v. Pelagatti*, 342 Pa.Super. 626, 493 A.2d 767 (1985). In that case we held that a subpoena *duces tecum* may not order to be disclosed confidential materials of dubious relevance merely for the other party's inspection prior to trial.

review them, we would find them to be meritless. The appellant's claim that he was charged with but never convicted of criminal conspiracy is incorrect. The trial record clearly reflects that the appellant was convicted of this crime. The Court Clerk, on the record, declared "members of the Jury, welcome to your verdict, it is recorded, you say—in the Commonwealth of Pennsylvania, Wayne Aultman, Defendant, that you do find him to have committed 1016 of '87 ... E. Criminal conspiracy, Count 1, guilty. Count 2, guilty. Count 3, guilty. Count 4, guilty." N.T., July 8, 1987, at 420–421. The appellant's claim that he is being denied access to his trial transcripts is also inaccurate. Although the Department of Corrections' policy does not allow inmates to have cassette tapes, nothing prevents the appellant from obtaining written transcripts of his court proceedings. In fact, the prison Superintendent has recommended that he do so, and so do we.

Judgment of sentence is vacated. The case is remanded to the trial court in order to permit it to review the WAR records and to determine whether any "statements" by the victim exist therein. If the court concludes that the records contain such statements of the complainant as should have been disclosed to the appellant, then a new trial shall be granted. However, if the court concludes that the records do not contain any statements of the complainant, the Court shall reimpose sentence.

KELLY, J., files a concurring statement.

KELLY, Judge, concurring:

I join as to the disposition of appellant's first four contentions, and concur in the result as to the fifth contention and the *pro se* supplemental contentions. I note that on remand the mere existence of discoverable "statements" in the files would *not* mandate grant of a new trial. Rather, to warrant a new trial, the statements must be such as to raise a reasonable probability that had they been disclosed previously the result of the trial might have been more favorable to appellant. Otherwise, the error in permitting the limited

discovery involved would properly be deemed harmless error.