**Donald Wayne RAINWATER, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**WD 41092.**

Missouri Court of Appeals, Western District.

April 4, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1989.

Application to Transfer Denied June 13, 1989.

Thomas J. Marshall, Public Defender, Moberly, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, C.J., and SHANGLER and GAITAN, JJ.

PER CURIAM.

Donald Wayne Rainwater appeals the denial, after a hearing of his Rule 29.15 motion, for postconviction relief. We affirmed his underlying conviction of felony stealing in *State v. Rainwater*, 742 S.W.2d 214 (Mo.App.1987). Appellant now argues that his claims of ineffective assistance of counsel and trial error entitled him to postconviction relief.

We affirm.

Appellant was charged with second degree burglary and felony stealing while acting in concert with William Stone. At trial, the State called codefendant Stone who testified pursuant to a plea agreement. According to Stone, appellant helped him load and dispose of property taken during a break-in of a trailer home. Other evidence revealed that appellant had stolen jewelry on his person when arrested and other stolen articles in his possession.

In defense, appointed counsel, Donald Catlett, extensively cross-examined Stone about his plea agreement, previous convictions, and cocaine use, attempting to attack his credibility. Defense counsel also presented alibi witnesses. Testifying in his own behalf, appellant maintained that he was holding the property as collateral for a debt owed by Stone.

The trial court declared a mistrial on the burglary count because of jury deadlock, but accepted a guilty verdict on the felony stealing count. The court sentenced appellant as a prior and persistent offender to fifteen years' imprisonment.

In Point I, appellant argues that the trial court clearly erred in denying postconviction relief on his claims of ineffective assistance of counsel.

To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below the standard of skill and diligence of a reasonably competent lawyer rendering similar services under the existing circumstances and that the deficient performance prejudiced his case. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). The movant bears the burden of establishing grounds for postconviction relief by a preponderance of the evidence, Rule 29.-15(h), and must overcome the presumption of counsel's competence. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Sanders*, 738 S.W.2d at 857.

After reviewing each of appellant's claims of ineffective assistance of counsel, we find that appellant has failed to sustain his burden and deny Point I.

■ First, contending that he was improperly charged with burglary and stealing, appellant maintains that defense counsel should have acted to have the charges reduced to receiving stolen property. Appellant's contention lacks merit. Deciding what charges to file rests in the discretion of the prosecutor, not defense counsel. *State v. Franks*, 702 S.W.2d 853, 855 (Mo. App.1985). Further, the record establishes that defense counsel challenged the sufficiency of the evidence at every available opportunity during the trial stage.

■ Second, appellant faults defense counsel for failing to object to or take corrective measures when the prosecutor told the venire panel that codefendant Stone had pleaded guilty to the same charges. The record supports the trial court's conclusion that defense counsel's inaction was not improper and could have

resulted from trial strategy. At the hearing, defense counsel testified that a critical part of the defense was to attack codefendant Stone's credibility by bringing out Stone's plea agreement with the prosecutor. An allegation of ineffective assistance of counsel relating to matters of trial strategy does not provide a basis for postconviction relief. *Stuckey v. State,* 756 S.W.2d 587, 593 (Mo.App.1988). The simple failure to raise an objection does not constitute ineffective assistance of counsel. *Smith v. State,* 714 S.W.2d 778, 780 (Mo.App.1986).

Third, appellant argues that defense counsel was ineffective for failing to object to Instruction 7, a verdict director for stealing premised on accomplice liability. The trial transcript refutes appellant's claim, showing that defense counsel did in fact object to Instruction 7.

■ Fourth, appellant maintains that counsel "did not push hard enough" for an acquittal on the stealing count by bringing out that appellant was over twenty-five miles from the crime scene. The trial court's finding that the allegation was too general in failing to state what counsel should have done and its conclusion that counsel did everything necessary under the circumstances are not clearly erroneous. The record reveals that before trial, counsel interviewed potential alibi witnesses, and during trial, counsel presented alibi testimony. Additionally, throughout the proceedings, counsel challenged the sufficiency of the evidence.

■ Fifth, appellant alleges that defense counsel failed to properly seek relief when codefendant Stone testified that appellant had been offered the same plea bargain. The record shows no lack of diligence by defense counsel in that defense counsel's objection to the testimony was sustained; defense counsel's request that the testimony be stricken and the jury be admonished was honored; but defense counsel's motion for mistrial was overruled. In appellant's direct appeal, we upheld the denial of the mistrial. *Rainwater,* 742 S.W.2d at 214. An issue decided on direct appeal cannot be relitigated in a motion for postconviction relief, even though a different theory is suggested. *Mathenia v. State,* 752 S.W.2d 873, 875 (Mo.App.1988).

In his second point, appellant contends that the trial court clearly erred in refusing postconviction relief on the following grounds:

(A) Prosecutorial misconduct in telling the jury that codefendant Stone had pleaded guilty;

(B) Error in allowing the prosecutor to tell the jury that codefendant Stone had pleaded guilty without giving a cautionary instruction;

(C) Error in allowing inconsistent verdicts, mistrial on the burglary count, but guilty verdict on the stealing count;

(D) Error in giving instruction 7, verdict director for stealing premised on accomplice liability.

All of the above-mentioned grounds relate to trial error. Of those four claims, only ground B contained the bare conclusion that the alleged error deprived appellant of a fair trial in violation of constitutional rights. At his hearing, appellant advanced no reasons for not raising the four grounds on direct appeal and offered no proof showing ground B to be of constitutional dimensions.

The predecessor rule for postconviction relief specifically provided that "[m]ere trial errors are to be corrected by direct appeal" and "[a] proceeding under this Rule ordinarily cannot be used as a substitute for ... a second appeal." Rule 27.26(b)(3) (Repealed). Although the repealed rule provided that "trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal," Rule 27.26(b)(3), trial errors could not be brought within the scope of the rule merely by alleging as a conclusion that they affected constitutional rights. *Stuckey,* 756 S.W.2d at 590. Moreover, even trial errors affecting constitutional rights could not be litigated in a Rule 27.26 motion except in rare and exceptional circumstances, *Id.,* and only when presented at the earliest time consistent with good pleading and orderly procedure. *Vaughn*

*v. State,* 763 S.W.2d 232, 234 (Mo.App. 1988).

Rule 29.15 replaced Rule 27.26 and, in many respects, modified and limited procedures for obtaining postconviction relief. Rule 29.15 lacks comparable provisions dealing with trial errors. Under Rule 29.-15(*l*) a defendant's direct appeal and appeal from a judgment overruling or sustaining a Rule 29.15 motion are consolidated into one proceeding. Rule 29.15(m) allows defendants who were sentenced before 1988 and who have not utilized repealed Rule 27.26 to file Rule 29.15 motions between January 1, 1988, and June 30, 1988.

█ Appellant was convicted in 1987 and his conviction was affirmed on direct appeal the same year. Appellant did not avail himself of Rule 27.26, but sought postconviction relief pursuant to Rule 29.15(m) in 1988. Obviously, appellant's direct appeal could not be consolidated with his Rule 29.15 appeal. Appellant's claims of trial error would not have been cognizable under repealed Rule 27.26(b)(3). For movants such as appellant, Rule 29.15 does not expand rights to raise trial errors beyond those set forth in the repealed provisions of Rule 27.26(b)(3). We hold that a movant who seeks postconviction relief pursuant to the window established by Rule 29.15(m) cannot raise matters of trial error without proving that the grounds amounted to constitutional violations and showing exceptional circumstances to justify not raising those grounds on direct appeal. Appellant's Point II is therefore denied.

We affirm the judgment. Rule 29.15(j).