Donald K. KING, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 41332.

Missouri Court of Appeals,
Western District.

June 6, 1989.

Daniel C. Miller, Sp. Asst. Public Defender, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P.J., and CLARK and FENNER, JJ.

CLARK, Judge.

Donald K. King suffered three convictions in 1984, one the product of a jury trial and two in consequence of guilty pleas. On June 28, 1988, King filed pro se motions for post-conviction relief in all three cases pursuant to Rules 24.035 and 29.15. Counsel was appointed, but no amended motions were filed, no request was made for an

extension of time to file an amended motion and no motion was filed requesting a hearing. On October 11, 1988, the motion court entered findings of fact and conclusions of law and denied relief.

On this appeal, King requests that the cases be remanded for "further proceedings" on the ground that the motion court was in error in failing to enter its findings within thirty days after submission of the cases as required by Rules 24.035(i) and 29.15(i).

The schedule of dates in these cases may be recapped as follows. The appointment of counsel to represent movant was made July 12, 1988. Under Rules 24.035(f) and 29.15(f), appointed counsel had until August 11, 1988 to amend the pro se motions and, assuming no extension of the time to file amended motions, counsel had the same period of time under Rules 24.035(g) and 29.15(g) in which to request a hearing. The court had fifteen days thereafter, or until August 26, 1988, in which to determine whether to grant an evidentiary hearing.

The trial judge did not grant a hearing in any of the cases, and it must therefore be assumed that the cases were submitted as of August 26, 1988, the last date on which the granting of a hearing could have deferred submission. Rules 24.035(i) and 29.-15(i) required that the court's findings and conclusions be issued no later than September 25, 1988. The decision entered October 11, 1988 was untimely. It remains to be determined, however, what effect the tardy resolution of the motions produces.

Although Rules 24.035(b) and 29.15(b) impose a sanction on the putative movant who fails to meet the filing schedule for a post-conviction motion, that being a waiver of rights to proceed, no enforcement mechanism to assure compliance by the trial court with the decision schedule appears in the rules. Thus, the rules, although requiring speedy determination of the cause by the trial judge, have no teeth. *See State v. Collins,* 669 S.W.2d 933, 935 (Mo. banc 1984). It would appear that a movant denied a decision under Rules 24.035 or 29.15 within the thirty days has only the remedy of a petition for a writ to compel compliance.

In the present case, appellant makes no complaint with the disposition of the motions on their merits, only the claim that the findings were not timely. He does not suggest what "further proceedings" should be ordered. There is no cause or purpose to reorder the entry of the findings and conclusions already made.

Appellant does not assert that amendment of his motions should have been permitted, that cause excused his failure to request a hearing or that the trial court erred when it failed to grant a hearing. There simply is no relief available, even recognizing the lapse by the court in entering decisions on appellant's motions.

The orders denying relief on appellant's post-conviction motions are affirmed.

All concur.