**David J. LOWE, Movant–Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. WD 41808.**

Missouri Court of Appeals,
Western District.

Oct. 31, 1989.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for appellant.

Gregory O. Grounds of Ennis, Browne & Jensen, Kansas City, for respondent.

Before MANFORD, P.J., and SHANGLER and CLARK, JJ.

MANFORD, Presiding Judge.

This is a direct appeal from the denial of post-conviction relief sought pursuant to Rule 29.15. The judgment is affirmed.

Movant presents a sole point, charging the hearing court erred in denying post-conviction relief because defense counsel was incompetent in waiving final argument without a knowing and intentional consent by movant.

The pertinent facts are as follows:

The underlying conviction arises out of the rape and stabbing of movant's ex-wife. The ex-wife was the only witness to the rape, however, there were two other eye-witnesses to the stabbing. Movant testified that at the time, he believed that his ex-wife had consented to intercourse, and because of his drug and alcohol problems, he did not remember much else about that day. Movant was sentenced on November 21, 1984. His conviction was affirmed. *State v. Lowe*, 698 S.W.2d 626 (Mo.App. 1985).

Movant retained counsel and filed his motion for post-conviction relief on December 17, 1987. In his motion, movant alleged three grounds for setting aside the judgment, all based upon ineffective assistance of trial counsel. A hearing was granted on the motion.

At the hearing, movant testified that his trial attorney requested time for closing argument, but after the state finished its opening argument, his attorney stood up and waived closing argument. Movant had not known prior to that time that his trial counsel was considering waiving closing argument. Movant claims that had he known he had a right to a closing argument, he personally would have made one. The motion court allowed movant to make the closing argument that he would have made at trial. Movant addressed the issue of consensual sex, stated that there had been no weapon, and explained that the drugs, alcohol and stress that were a part of his life at the time of the crime affected his ability to act rationally. He further stated that he felt that the sentence was excessive because the prosecutor had "only asked for 40 years, and [the jury] came back with a sentence of 130 years."

A review of the record shows that the prosecutor, in closing argument, requested 50 years, but it is not clear whether that refers to the assault alone or all the charges combined. At the sentencing hearing, the prosecutor requested 45 years. The court sentenced movant to a total of 55 years.

Movant's trial counsel testified at the post-conviction hearing. He stated that although he requested closing argument, he was planning at that time to waive it. He believed that if the state spent all of its opening argument on the instructions and did not get into the "very nasty portion[s]" of the case, then the state would be "falling into [his] trap." By this, he meant that by waiving closing argument, the prosecutor would not be able to "talk about things that I didn't want him to talk about to the jury." Because the state spent most of its opening argument discussing the instructions, trial counsel felt in rebuttal the state would bring out "the heinousness, the complete disregard for safety, the escape, the running away that [movant] did." He felt that any closing argument would have "opened up the [movant] to the castigations of the [state in rebuttal]." On cross examination, trial counsel stated that any argument would not have clarified the confusing jury instructions.

The trial counsel's recollection was that the doctor who testified on movant's behalf, discussing movant's mental state, drug addiction and alcoholism, left the jury with the best impression for movant's case. While the doctor had testified at one point, "there is no doubt about [movant's] guilt of the offense charged," trial counsel felt that the cumulative testimony of the doctor on movant's behalf was the "most beneficial testimony [the defense] had to offer." Trial counsel testified that he felt that he should "shut down" the state's argument, so that the jury would be left with the best impression of movant's case.

The motion court denied movant's request for relief, finding that the decision not to make closing argument was a matter

of trial strategy. Movant now appeals, alleging that the motion court erred in denying relief.

This court's review is limited to determining whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(j). A trial court's findings and conclusions are clearly erroneous only if after reviewing the record, this court is left with the definite and firm belief that a mistake has been made. *Day v. State*, 770 S.W.2d 692, 696 (Mo. banc 1989). In a motion for post-conviction relief, movant bears the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 29.15(h).

■ In order to prevail on a claim of ineffective assistance of counsel, movant must prove that the action of trial counsel was not that of a reasonably competent attorney under similar circumstances, and that movant was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), as cited in *Rainwater v. State*, 770 S.W.2d 368, 369 (Mo.App.1989). The distorting view of hindsight should not be used to judge the attorney's actions at the time of trial. *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987). Prejudice is shown where there is a reasonable probability, sufficient to undermine confidence in the outcome, that but for trial counsel's unprofessional errors, the trial result would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. Movant must carry the burden of proof of both the performance and the prejudice prongs in order to prevail. *Id.* Further, movant must overcome the presumption of trial counsel's competence. *Rainwater*, 770 S.W.2d at 369.

Movant alleges that because he has a constitutional right to make a closing argument, any waiver by his attorney without his consent amounts to per se ineffective assistance of counsel. The cases to which movant points are all cases in which *the court,* not defense counsel, curtailed the defendant's right to make a closing argument. It is clear that under both the Sixth Amendment of the United States Constitu-

tion and Article I, Section 18(a) of the Missouri Constitution, a defendant has the right to be heard. *Herring v. New York*, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975). The Supreme Court of Missouri held long ago that there is a constitutional right to make argument, and that right should not be limited by the court arbitrarily. *State v. Page*, 21 Mo. 257, 258 (1855). The Missouri Rules of Court indicate that either party may waive closing argument. Rule 27.02(*l*). However, the cases in Missouri and those in the Supreme Court of the United States have not addressed in what manner the right should be waived. Movant urges this court to use the standard set out in *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), regarding the waiver of personal fundamental rights. Movant overstates the breadth of the right to make argument.

■ The allegation that counsel failed to make an argument amounts to an allegation of ineffective assistance. The *Strickland* decision opted to avoid a checklist-based standard for evaluating ineffectiveness claims. *See* Comment, *How to Thread the Needle: Toward a Checklist-Based Standard for Evaluating Ineffective Assistance of Counsel Claims*, 77 Geo.L.J. 413 (1988). Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2065. Therefore, it would seem that when trial counsel makes a reasonable trial strategy decision to forego closing argument, counsel is not ineffective. Recent cases in other jurisdictions agree that this is the appropriate standard to use to determine whether counsel's waiver of closing argument amounted to an ineffectiveness of counsel so as to deprive movant of his right to an attorney in contravention of the Sixth Amendment of the Constitution of the United States. *See generally,* Annot., *Defense Counsel—Argument*, 6 A.L.R.4th 16, 51–54 (1981).

■ Closing argument serves to sharpen and clarify the issues for resolution by the

trier of fact. *Herring,* 422 U.S. at 862, 95 S.Ct. at 2555. The last real opportunity defense counsel has to persuade the trier of fact that there may be a reasonable doubt as to the defendant's guilt is in his closing argument. *Id.* The failure of defense counsel to make closing argument is serious, and should not be blithely dismissed as a "trial strategy" decision. *Pennsylvania v. Sparks,* 372 Pa.Super. 463, 539 A.2d 887, 889 (1988). Nonetheless, the failure to make a closing argument is not ineffective assistance per se; the action of trial counsel must not have been that of a reasonably competent attorney under similar circumstances, and there must be a reasonable probability that the omission affected the outcome. *Nutall v. Greer,* 764 F.2d 462, 466 (7th Cir.1985); *Arizona v. Lee,* 142 Ariz. 210, 689 P.2d 153, 160–161 (1984), relief granted on other grounds by *Arizona v. Lee,* 160 Ariz. 323, 772 P.2d 1176 (App.1989); *Illinois v. Goodwin,* 24 Ill.App.3d 1090, 322 N.E.2d 569, 573 (1975). Waiver of closing argument may reasonably be based on tactical considerations. *Sparks v. Indiana,* 499 N.E.2d 738, 742 (Ind.1986). The decision to waive closing argument after the state has made a short opening can be a reasonable tactic to prevent any further rebuttal by the state. *Tennessee v. Menn,* 668 S.W.2d 671, 673 (Tenn.Cr.App.1984).

This court rules that trial counsel may waive closing argument as a matter of trial strategy. However, it should be made clear that "trial strategy" is not a magical incantation dispelling all specters of ineffective assistance of counsel. The issues set out in *Strickland* still remain, and the question must be asked: was counsel's trial strategy decision reasonable under prevailing professional norms, when evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances? *Kimmelman v. Morrison,* 477 U.S. 365, 381, 106 S.Ct. 2574, 2586, 91 L.Ed.2d 305 (1986). An attorney's trial strategy may be so unsound that it falls outside the wide range of professional assistance, and it must be the state, not the defendant, who bears the risk of such constitutionally deficient assistance of counsel.

*Kimmelman,* 477 U.S. at 379, 381, 106 S.Ct. at 2585, 2586. Motion courts and prosecuting attorneys addressing motions for post-conviction relief must be thorough, and not cut the *Strickland* two-prong analysis short with a mere recitation of the words, "trial strategy."

The motion court in movant's case stated that allegations of ineffective assistance of trial counsel which relate to trial strategy are not cognizable under this rule, citing *Williamson v. State,* 628 S.W.2d 895 (Mo. App.1981), and *Porter v. State,* 682 S.W.2d 16 (Mo.App.1984). The court found that the choice not to make closing argument was a trial strategy decision and thus should not serve as grounds for relief under this post-conviction remedy. Fortunately, Judge Clark did not stop there, and made some examination of trial counsel's waiver of closing argument under the *Strickland* test. A review of the findings indicates that they are not clearly erroneous.

The motion court found that trial counsel had been considering the possibility of preventing the state from exercising its right to rebuttal closing by not submitting a closing argument by the defense. Although the motion court did not address whether this was a reasonable decision under prevailing norms, it is clear from the findings that the court felt such a decision was reasonable. This is borne out by the motion court's quoting from the trial transcript: "THE COURT: Mr. Beitling, you have done everything you can for this man and you are still trying" [referring to counsel's argument at the sentencing hearing].

Review of the record of the underlying trial and arguments does not indicate that the motion court was clearly erroneous in finding movant had not satisfied the first prong of the *Strickland* test. Trial counsel had the choice of making his closing argument, thus, opening up his client to the state's parting shots in rebuttal or keeping quiet and allowing the state to make a rather technical opening argument, and then waiving closing argument to prevent any rebuttal. The cost was that trial counsel was unable to further advance his

client's "mitigating" defense or explain the instructions. Trial counsel felt at the time of trial that his final witness left the jury with the best impression of movant's defense, and that any further argument on the instructions would not have made them any clearer to the jury. After eliminating the distortion of hindsight, the trial counsel's action at the time of trial was reasonable. *Sanders v. State,* 738 S.W.2d 856, 858 (Mo. banc 1987).

Movant must overcome the presumption of trial counsel's competence and carry the burden of both the performance and the prejudice prongs in order to prevail. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Rainwater,* 770 S.W.2d at 369. Failure to carry either prong of the *Strickland* test means the failure of the motion for post-conviction relief. Movant did not prove that trial counsel failed to exercise the customary skill and diligence a reasonable competent attorney would perform under the circumstances. *Rainwater,* 770 S.W.2d at 369 (Mo.App.1989). The motion court was not clearly erroneous in denying movant relief under Rule 29.15.

Judgment affirmed.

All concur.