**Anthony McINTYRE, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 56399.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 9, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 6, 1990.

Application to Transfer Denied
March 13, 1990.

Scott E. Walter, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Movant was charged with capital murder in 1984. The jury convicted him of murder second degree and he received a sentence of fifteen years imprisonment. On January 21, 1987, the Missouri Supreme Court reversed the conviction and remanded the cause for a new trial. Five days later, movant filed a motion to rescind the order, dismiss the appeal and affirm his conviction. The Supreme Court granted this motion. On June 27, 1988, movant filed a Rule 29.15 motion. The court denied the motion without an evidentiary hearing on the grounds that the record conclusively demonstrated that movant was not entitled to relief. Movant now appeals this denial.

Movant's first point relied on claims the court erred in overruling his motion because his constitutional rights were violated by the jury instruction on murder second degree. Movant apparently argues that murder second degree is not a lesser included offense of capital murder and that the evidence only supported a finding of capital murder, not murder second degree.

■ We first note that this claim is merely a claim of trial error, not a claim of constitutional error. The predecessor rule to Rule 29.15 provided that mere trial errors were to be raised on direct appeal, not in a post-conviction relief motion. Rule 27.26(b)(3) (repealed 1987). Rule 29.15 has no such language, but since appeals from Rule 29.15 proceedings are now heard with direct appeals, the situation should not arise in cases decided after January 1, 1988. Movants convicted prior to January 1, 1988 who seek post-conviction relief under Rule 29.15(m) may not raise mere trial errors without proving both that the errors were constitutional violations and that there were exceptional circumstances for not raising the errors on direct appeal. *Rainwater v. State*, 770 S.W.2d 368, 371 (Mo.App.1989). Movant has not proven either element and thus cannot raise this allegation of trial error.

■ Even if the issue were proper in a Rule 29.15 motion, movant would not be entitled to relief because the instruction was not erroneous. It is proper to submit an additional instruction on second degree murder in capital murder cases. *State v. Baker*, 636 S.W.2d 902, 905 (Mo. banc 1982); MAI–CR2d 15.14. Also, movant has failed to inform this court as to how the evidence failed to support the instructions. Under Missouri Approved Criminal Instructions Second, which was applicable at the time of movant's trial, the first two elements of murder second degree are essentially identical to those of capital murder. MAI–CR2d 15.02 and 15.14. The final element of murder second degree is that the defendant did not kill the victim because of anger, fear or agitation suddenly provoked by unexpected acts of the victim. MAI–CR2d 15.14. Movant admits the evidence supported the giving of a capital murder instruction. We fail to see and movant fails to explain how evidence supporting an instruction *for capital murder could not* support an instruction for murder second degree. Point denied.

Movant's second point relied on states that the motion court violated his constitutional rights by denying him an evidentiary hearing, but the point is defective in that it fails to identify why this was error. Rule 84.04(d). Movant's argument claims there is a constitutional right to a post-conviction relief hearing and that Rule 29.15(g), allowing a court to forgo a hearing, is unconstitutional. A number of cases are cited to support this point, but none of them address the issue at hand.[1] In fact, the Missouri Supreme Court recently held that there is no constitutional requirement of post-conviction relief and that the state has power to promote rules reasonably limiting the availability of such relief. *Day v. State*, 770 S.W.2d 692, 693 (Mo. banc 1989). This point is also denied.

Judgment affirmed.

SIMON, C.J. and SIMEONE, Senior Judge, concur.

---

1. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Entsminger v. Iowa*, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501 (1967) (both concerning indigent defendants' rights to direct appellate review of their conviction and their right to counsel on such review); *Machibroda v. U.S.*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962) (a finding that a federal court erred in denying a 28 U.S.C. § 2255 motion without an evidentiary hearing where the facts alleged, if true, would warrant relief and where the facts were not refuted by the record. The court specifically noted it did not intend "to imply that a movant must always be allowed to appear in district court for a full hearing.")