Howard ALLEN, Appellant,

v.

STATE of Missouri, Respondent.

No. 57092.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 24, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 30, 1990.

Application to Transfer Denied
July 31, 1990.

Marc B. Fried, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Movant appeals the denial of his Rule 29.15 motion without an evidentiary hearing. Affirmed.

In 1982, movant was convicted of armed robbery after a jury trial and sentenced to twenty years imprisonment. The conviction was affirmed on direct appeal. *State v. Allen*, 663 S.W.2d 336 (Mo.1983). On March 30, 1988, movant filed a pro se Rule 29.15 motion. The motion requested post-conviction relief because the trial court refused to give a non–MAI instruction on identification.

The motion court denied this motion without an evidentiary hearing. The court noted that the direct appeal had already addressed the issue raised in the motion and concluded that movant had failed to state facts which, if true, would warrant relief.

Movant now appeals, claiming that the motion court erred in basing its decision on the opinion in the direct appeal. Former Rule 27.26 (repealed in 1987) specifically directed that a post-conviction relief motion could not be used to raise claims alleging mere trial error. Rule 29.15, which replaced Rule 27.26, does not contain such language. Movant argues that the terminology was specifically excluded from the new rule and thus the court should have considered the merits of the motion.

The absence of this terminology in the new rule does not have the import movant argues. *Rainwater v. State*, 770 S.W.2d 368, 371 (Mo.App.1989). The new time-frame, requiring post-conviction relief motions to be brought and ruled on prior to consideration of the direct appeal, renders the language unnecessary. *Id.* Rule 29.15 movants convicted prior to January 1, 1988 who have already had a direct appeal may not raise mere trial errors in their motions without proving that the errors were constitutional violations and that there were exceptional circumstances for not raising the issues on direct appeal. *McIntyre v. State*, 784 S.W.2d 318 (Mo.App.1990). Similarly, the rule that matters decided on direct appeal may not be re-litigated in a post-conviction relief motion applies to Rule 29.15 motions just as it did to Rule 27.26 motions. *Price v. State*, 779 S.W.2d 6, 7 (Mo.App.1989).

Movant has not shown that this trial error was a constitutional violation and, regardless, the fact that it was addressed on direct appeal prevents re-litigation.

The judgment of the motion court is affirmed.

SIMON, C.J., and JOSEPH J. SIMEONE, Senior Judge, concur.