Harry E. SMITH, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 44850.

Missouri Court of Appeals,
Western District.

Aug. 18, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Sept. 29, 1992.

J. Bryan Allee, Kansas City, for appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent.

Before HANNA, P.J., and FENNER and ULRICH, JJ.

HANNA, Presiding Judge.

Movant, Harry E. Smith, was convicted in a court tried case on two counts of forcible sodomy, one count of second degree assault and one count of felonious restraint. This court affirmed movant's convictions on direct appeal in a Memorandum Opinion issued August 12, 1986. *State v. Smith,* 718 S.W.2d 521 (Mo.App. 1986). Movant filed a timely pro se Rule 29.15 motion for post-conviction relief on May 10, 1988. The motion court appointed counsel to represent movant on May 17, 1988, and an amended motion was filed on movant's behalf on October 24, 1988. The motion court held an evidentiary hearing on May 18, 1989, which consisted solely of the movant's testimony. The motion court denied the 29.15 motion and entered findings of fact and conclusions of law on April 15, 1991. On June 20, 1991, movant filed a timely notice of appeal with this court.

First, movant claims the motion court erred in failing to enter specific findings of fact and conclusions of law concerning all issues raised by him in his motion for post-conviction relief and at his evidentiary hearing. He specifically contends the motion court did not enter sufficient findings responsive to his charges, that his trial counsel failed to raise the issue of improper venue, failed to suppress certain physical evidence and his attorney's incomplete advice on the crime of sodomy causing him to make an uninformed waiver of a jury trial. There is no precise formula which must be followed in complying with Rule 29.15(i) and findings and conclusions are sufficient

so long as they allow an appellate court to review the motion court's decision. *State v. Hamilton,* 817 S.W.2d 8, 11 (Mo.App. 1991). The findings and conclusions do not need to be itemized, but rather need only be responsive to the issues raised. *Id.*

On the specific issues raised by movant, the motion court made the following findings:

### FINDINGS OF FACT

3.  No evidence was adduced at the May 18, 1989, hearing regarding (a), counsel's failure to raise the issue of improper venue. That point being abandoned at the hearing, it is accordingly DENIED.

5.  Movant's counsel successfully kept the incriminating evidence which was obtained by "police harassment" from the Court's consideration. Therefore, point (c) is accordingly DENIED.

### CONCLUSIONS OF LAW

3.  The Court has examined Movant's Motion, reconsidered the evidence, and considered the testimony of Robert A. Simons, attorney for the Movant. Movant's contention is that he received ineffective assistance of counsel in part because he accepted advice and voluntarily waived his right to trial by jury. That trial strategy, even though unsuccessful, is not justification to grant a new trial.... Furthermore, testimony by Mr. Simons strongly supported the decision to try the case before an unemotional and seasoned jurist.

4.  Movant raises an illegal search and seizure claim. The trial Court's ruling on an illegal search and seizure issue could have been raised on direct appeal, and, thus, is not cognizable in Rule 29.15 proceedings.

The three issues raised by movant on this appeal, i.e., improper venue, counsel's failure to suppress physical evidence and appellant's waiver of a jury trial, were all addressed by the motion court in its

findings of fact and conclusions of law. The motion court was responsive to the issues raised by movant and it's findings were sufficient to allow appellate review. *Id.* Movant's first point is denied.

■ In his second point movant alleges the motion court erred in failing to recuse itself *sua sponte* based upon a demonstrable bias against appellant. Movant raises this issue for the first time on appeal and requests plain error review on the point. Because movant failed to call the issue to the attention of the motion court and because of his failure to object at any time during the evidentiary hearing, we find he has waived this claim on appeal. *State v. Berry,* 798 S.W.2d 491, 495 (Mo.App.1990).

■ For his third point movant contends the motion court committed plain error by refusing to grant post-conviction relief based on the excessive delay in processing his 29.15 motion. Again, the issue was not raised to the motion court, although the supplemental record indicates that movant's counsel contacted the court by letter on several occasions and requested a ruling on the motion. In any event, Rule 29.15 does not contain an enforcement mechanism to assure compliance by the motion court with the decision-making schedule. *See King v. State,* 772 S.W.2d 6, 7 (Mo. App.1989). The movant's remedy for the motion court's failure to render a timely decision is a writ to compel compliance. *Id.* There is no record of movant having filed any such writ, and he does not assert that he attempted this procedure. As the motion court ultimately made its decision, albeit late, no relief is available at this time. *Id.* Movant's third point is denied.

Finally, movant asserts the motion court erred in denying his 29.15 motion on the merits of the issues raised at the evidentiary hearing. Specifically he claims his trial counsel was ineffective for misinforming him regarding the elements of the sodomy charges and for failing to object to improper venue.

■ Appellate review of the denial of a post-conviction motion is limited to a determination of whether the findings of fact, conclusions of law and judgment issued by the motion court are clearly erroneous. *State v. Vinson,* 800 S.W.2d 444, 448 (Mo. banc 1990). Findings of fact and conclusions of law are clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Id.* In order to prevail on a claim of ineffective assistance of counsel, movant must establish 1) that his trial attorney's performance was deficient in that he failed to exercise the customary skill and diligence a reasonably competent attorney would perform under similar circumstances and 2) that the attorney's deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant must satisfy both prongs of the *Strickland* test in order to prevail on an ineffective assistance of counsel claim. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). Allegations of ineffective assistance of counsel relating to matters of "trial strategy" do not provide a basis for post-conviction relief. *Rainwater v. State,* 770 S.W.2d 368, 370 (Mo.App.1989).

■ Movant's first assertion is that his trial counsel was ineffective because he misinformed appellant that he faced charges of non-forcible rape and sodomy against "a minor." Movant claims he was prejudiced because, had he known the charges were different than he was informed by his trial counsel, he would not have waived his right to a jury trial. The victim was over the age of 14 years and, therefore, movant could not have been charged with "statutory sodomy" under § 566.030.3 RSMo 1986 (repealed). He contends that, based upon advice of his trial counsel, he was unable to pursue certain defenses, such as consent, and waived his right to a jury trial.

At the evidentiary hearing movant admitted he had advised the trial court his waiver was voluntary at the time it was made and that his attorney did not threaten him or make any false promises. He stated that his attorney told him a jury's sympathy would naturally side with a young vic-

tim, whom they would more likely believe. He further testified his trial counsel advised him to waive a jury trial based upon a belief that a jury might sentence him more harshly since the victim was a minor, and white, while he was black. Finally, in response to a direct inquiry from the motion court, movant admitted that his attorney did not tell him that the victim's age was an element of the crime, but that he specifically told him it would be very difficult to win a trial in front of a jury where the victim was as young as the victim was in this case.

The motion court determined that movant's waiver of his right to a jury trial was voluntary, based on the advice of counsel. The motion court specifically stated that after examining movant's motion, reconsidering the evidence, and considering the testimony of his attorney, it determined the decision was trial strategy. *See Tucker v. State*, 481 S.W.2d 10, 15 (Mo.1972). This finding is not clearly erroneous. The decision to waive a jury trial in this case was a matter of trial strategy and consequently does not provide a basis for post-conviction relief. *Rainwater*, 770 S.W.2d at 370.

Finally, movant contends his trial counsel was ineffective for failing to object on the basis of improper venue. Venue is not an integral part of the offense and need not be proven beyond a reasonable doubt, it may be inferred from the evidence as a whole. *State v. Harper*, 778 S.W.2d 836, 838 (Mo.App.1989). Even where the evidence is inadequate, venue is a personal prerogative which is waived by proceeding to trial without objection. *Id.*

Venue is proper in any county where any element of the crime occurred. *State v. Seaton*, 817 S.W.2d 535, 538 (Mo. App.1991). The movant was convicted of forcible sodomy pursuant to § 566.060 RSMo 1986 and second degree assault pursuant to § 565.060 RSMo 1986. One of the elements of forcible sodomy is the use of forcible compulsion. Assault in the second degree also contains the element of force.

The only testimony concerning the vicinity of the crimes came from the victim and the detective investigating the case. The victim testified that she hailed a cab outside Municipal Auditorium and requested she be taken to the Howard Johnson's hotel at 6th and Main. She stated the driver passed the hotel and turned down an alley, stopped, and forced her into the trunk of the cab before proceeding to drive around and eventually committing the sexual acts for which movant was convicted. She also stated the cab did not travel over any interstate highways or cross any rivers. The detective stated he was called to Municipal Auditorium by police officers, who informed him that the victim had been assaulted and was at the Howard Johnson's at 6th and Main. There was no other testimony concerning any specific location of the crimes. The only other testimony relevant to the venue issue came from two witnesses who testified the movant's cab was licensed in Missouri.

The motion court stated it was familiar with the area where the victim was forcibly abducted. The court could take judicial notice of the fact Municipal Auditorium and the Howard Johnson's hotel at 6th and Main were both in Kansas City, Jackson County, Missouri, since those facts are within the common knowledge of the court. *See State v. Spain*, 759 S.W.2d 871, 874 (Mo.App.1988). Ultimately the court found there was no evidence presented at the hearing regarding trial counsel's failure to raise the issue of improper venue. The court deemed the point abandoned at trial and denied it. The point was not abandoned as it concerns movant's 29.15 motion, since movant raised the point in his testimony and argued it from the record. However, there was insufficient evidence presented at the hearing upon which the motion court could find the issue had any merit.

The uncontroverted evidence at trial was sufficient to establish venue in Jackson County, Missouri, where the force, an element of two crimes which movant was convicted, was applied to the victim in her initial abduction from downtown Kansas City, Missouri. There is no evidence in the transcript of the evidentiary hearing on movant's 29.15 motion or the record at trial which shows the crime occurred anywhere

but in Jackson County, Missouri. Therefore, any objection to venue at trial would have been futile and the omission of such an objection cannot be said to have affected the outcome of the trial. *See Berry*, 798 S.W.2d at 496.

After a review of the entire record, we cannot say the motion court's Findings of Fact and Conclusions of Law are "clearly erroneous." *Vinson*, 800 S.W.2d at 448. Therefore, movant's final point is denied.

Judgment Affirmed.

All concur.