Kevin Patrick FLOOD,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 19104.

Missouri Court of Appeals,
Southern District,
Division Two.

May 12, 1994.

Raymond L. Legg, Office of the State Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Traci J. Sanders, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Movant entered a plea of guilty to possession of marijuana with intent to distribute. § 195.211, RSMo Supp.1991. Movant was sentenced to ten years' imprisonment. Thereafter, he timely filed a motion under Rule 24.035, seeking to vacate or set aside his conviction and sentence.

Respondent filed a motion to dismiss and movant filed a motion requesting an evidentiary hearing. The trial court held a hearing on those motions. It then made findings of fact and overruled the motion for evidentiary hearing, sustained respondent's motion to dismiss and denied movant's Rule 24.035 mo-

tion. Movant appeals, presenting two points relied on.

■ Movant contends in his first point that the trial court erred in denying his motion under Rule 24.035 because he was "abandoned by his postconviction counsel by counsel's failure to comply with Rule 24.-035(e) and (f)". Movant relies upon *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), and its progeny. In *State v. Shields*, 862 S.W.2d 503, 506 (Mo.App.1993), the Eastern District of this court said:

> "In *Luleff*, the court based its finding of abandonment on two factors: (1) no activity on movant's behalf by appointed counsel; and (2) no inquiry by the trial court regarding the performance of counsel."

Here, there was an affidavit and other documents filed by counsel which show activity by him and indicate that the attorney fulfilled his duties under Rule 24.035(e). Those documents may be properly considered by this court in determining if counsel abandoned movant. *Kinder v. State*, 867 S.W.2d 667, 670 (Mo.App.1993); *Shields*, 862 S.W.2d at 506; *Thurlo v. State*, 841 S.W.2d 770, 771–772 (Mo.App.1992). Movant's first point is denied.

■ For his second point, movant asserts that the motion court erred in failing to enter "timely and specific written findings of fact and conclusions of law". The purpose of findings of fact and conclusions of law is to provide for meaningful review. *Leigh v. State*, 673 S.W.2d 788, 790 (Mo.App.1984). If the findings are sufficient for that purpose, a complaint as to them is without merit. *Id.*

■ It is unnecessary to remand for additional findings if the record, including the findings, is sufficient for the court to determine the correctness of the trial court's decision. *Abbott v. State*, 769 S.W.2d 462, 466 (Mo.App.1989); *Guyton v. State*, 752 S.W.2d 390, 392 (Mo.App.1988).

■ The trial court's findings, together with the record here, allowed meaningful review. Movant has no remedy on appeal for the trial court's failure to make findings within thirty days of the submission as stated in Rule 24.035(i). *Smith v. State*, 837 S.W.2d

25, 27 (Mo.App.1992); *King v. State*, 772 S.W.2d 6, 7 (Mo.App.1989). Point two has no merit.

The judgment is affirmed.

FLANIGAN, P.J., and CROW, J., concur.