**David Wayne COX, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 19354.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 27, 1994.

Raymond L. Legg, Office of the State Public Defender, Columbia, for movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., of Jefferson City, for respondent.

PREWITT, Judge.

Movant appeals from the denial of his motion for postconviction relief under Rule 24.035. The trial court made findings of fact, conclusions of law and denied the motion without an evidentiary hearing. Movant had sought to vacate convictions for forcible rape and first degree robbery to which he had entered pleas of guilty and was sentenced to two concurrent terms of life imprisonment.

On appeal movant presents three points relied on. Appellate review is to determine whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(j). If a motion under Rule 24.035 and the files and records of the underlying case conclusively show that movant is not entitled to relief, an evidentiary hearing is not required. Rule 24.035(g).

■ The transcript of the hearing, when movant entered pleas of guilty, refutes appellant's first point, that he was unable to understand and comprehend the nature of the charges to which he pleaded guilty, because of a "blackout" he suffered at the time of the offense charged. That he was suffering from a "blackout" at the time of the offense does not establish, nor even suggest, that movant did not understand the charges against him.

■ Movant's third point, that there was not a sufficient factual basis for the charges to which he entered his plea, is likewise refuted by that transcript. The trial court was entitled to rely on the transcript. *See Hagan v. State,* 836 S.W.2d 459, 461 (Mo. banc 1992); *Hutson v. State,* 878 S.W.2d 497 (Mo.App.1994); *Griffin v. State,* 513 S.W.2d 706, 709 (Mo.App.1974). The transcript states:

"Q. Is your name David Wayne Cox?

A. Yes, sir.

Q. Mr. Cox, you've been placed under oath. The reason that you were placed under oath is I'm going to ask you certain questions and in answering those questions you should remember that you are under oath. And your answers to those questions should be truthful under the penalty of perjury. Do you understand that?

A. Yes, sir.

Q. You are charged in Count I of the information with the Class A felony of forcible rape. Do you understand that?

A. Yes, sir.

Q. You are charged under Count III of the information with the Class A felony of robbery in the first degree. Do you understand that?

A. Yes, sir.

Q. The charge of forcible rape alleged in Count I carries a maximum punishment of life imprisonment and a minimum punishment of ten years in the penitentiary. Do you understand that?

A. Yes, sir.

Q. The Class A felony of robbery in the first degree alleged in Count III of the information carries the same punishment. That is, a maximum punishment of life imprisonment, a minimum punishment of ten years in the penitentiary. Do you understand that?

A. Yes, sir.

Q. Do you understand that you have a right to be represented by an attorney at every stage of the proceedings against you?

A. Yes, sir.

Q. Do you understand that you have a right to plead not guilty and to persist in a plea of not guilty?

A. Yes, sir.

Q. I'm referring on all these questions to both those—the charge of forcible rape and the charge of robbery in the first degree. Do you understand that, sir?

A. Yes.

Q. Do you understand that you have a right to a trial by a jury, and at that trial that you would have the right to assistance of counsel, and at that trial you would have the right to confront and cross-examine witnesses against you, and at that trial you would have the right not to be compelled to incriminate yourself?

A. Yes, sir.

Q. Do you understand that if you have a trial, you would have the right to compel witnesses on your behalf to attend your trial and to testify?

A. Yes, sir.

Q. Do you understand that I am not bound by any agreements between your attorney and the prosecuting attorney as to punishment, but that if I cannot accept the agreement your attorney and the prosecuting attorney have made, I'll allow you to withdraw your plea of guilty?

A. Yes, sir.

Q. Do you understand that if you plead guilty, there will not be a further trial of any kind, and that by pleading guilty you will be giving up your right to a trial?

A. Yes, sir.

Q. Do you have any questions about any of the things I've asked you about?

A. No, sir.

Q. To the charge of forcible rape, a Class A felony, you may plead guilty, you may plead not guilty, or you may remain silent. What do you wish to do?

A. I plead guilty, sir.

Q. To the charge of the Class A felony of robbery, you may plead guilty, you may plead not guilty, or you may remain silent. What do you wish to do?

A. I plead guilty.

THE COURT: Mr. Smith, would you give me a factual basis for the charge, please, sir.

MR. SMITH: Yes, Your Honor. On or about August 22nd, 1989, the defendant left the house—a halfway house in the St. Louis area and came to this vicinity. He came to Clark County and on that morning went to the home of Donna Jenkins and her husband, a person to whom he was not married. He entered the home, and in the course of the events at that location, had sexual intercourse with Mrs. Jenkins without her consent. He was armed with a gun. And in the course of the events, took from the home approximately $30 in change and a Charter Arms revolver, which was possessed by Mrs. Jenkins.

BY THE COURT:

Q. Mr. Cox, did you hear the statement that the prosecuting attorney just made to me concerning the events which he says constituted these crimes to which you've pled guilty?

A. Yes, sir.

Q. Is what he told me true and correct?

A. Yes, sir.

Q. Is there anything about that statement that he made to me that you think is not true and correct or which you wish to change or explain?

A. No, sir.

Q. He said that you went into this house and you had a gun with you at the time; is that a correct statement?

A. Yes, sir.

Q. Where did you get the gun?

A. I don't know.

Q. Why is the reason you don't know?

A. Some time I blackout and do stuff I don't know what I'm doing.

Q. Did you persist in that blackout throughout the commission of this offense?

A. I don't remember doing anything.

Q. After you—When did you not— When were you no longer in that blackout, when was that happened?

A. When I realized it I was back in the St. Louis area.

Q. At that time did you have a gun?

A. Yes, sir. I had a rifle and a revolver.

Q. What sort of revolver did you have?

A. It was a .38 police special.

Q. Is that the same gun that Mr. Smith referred to, he said as being taken from that home?

A. I believe so. It is.

Q. Do you have any doubt in your mind that you did commit the offenses to which you pled guilty?

A. I—No.

THE COURT: Have there—Is there a plea agreement, gentlemen, for the record?

MR. SMITH: Yes, Your Honor. On the plea of guilty to Count I, the State would recommend a life sentence. On the plea of guilty to Count III, the State would recommend a life sentence. The sentences to be run concurrently.

THE COURT: Is that your—And is also part of your plea agreement that certain other counts will be dismissed?

MR. SMITH: Yes, sir. On the plea of guilty to Court [sic] II, IV, and V will be dismissed.

THE COURT: Does that accurately reflect the plea agreement as you understand it, Mr. Edmundson?

MR. EDMUNDSON: That is correct, Your Honor.

BY THE COURT:

Q. Were you made aware of this plea agreement before you entered your plea of guilty, Mr. Cox?

A. Yes, sir.

Q. Apart from that plea agreement, were you promised anything or were you threatened in any way in order to get you to plead guilty?

A. No, sir.

Q. Are you pleading guilty because you're convinced in your mind that you did commit this Class A felony of forcible rape and the Class A felony of robbery?

A. Yes, sir."

■ Movant contends in his second point that his counsel abandoned him because the attorney failed to file a timely amended motion. In its finding the trial court concluded that counsel's "Affidavit of Counsel and Notice of Waiver of Amended Motion" established that counsel acted as required under Rule 24.035(e) and (f). That document was properly considered in determining if counsel abandoned movant. *Flood v. State,* 876 S.W.2d 800, 801 (Mo.App.1994). *See also Kinder v. State,* 867 S.W.2d 667, 670 (Mo. App.1993); *State v. Shields,* 862 S.W.2d 503, 506 (Mo.App.1993); *Thurlo v. State,* 841 S.W.2d 770, 771–772 (Mo.App.1992). Point two is denied.

The record does not establish that the trial court's findings and conclusions were clearly erroneous. The judgment is affirmed.

GARRISON, P.J., and CROW, J., concur.