STATE of Missouri, Respondent,

v.

David TOWNSEND, Appellant.

David TOWNSEND, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 18750, 19847.

Missouri Court of Appeals,
Southern District,
Division Two.

May 1, 1995.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Following jury trial, Appellant was convicted of sodomy and sentenced to seven years in prison. He appeals that conviction. Following sentencing, Appellant filed a motion seeking post-conviction relief under Rule 29.15. That motion was denied without an evidentiary hearing and Appellant also appeals that denial. The appeals were consolidated for review. Rule 29.15(*l*).

Appellant has two points relied on. His initial point is directed at his conviction in the criminal case. He contends that the trial court plainly erred in overruling his Motion In Limine and in admitting into evidence testimony that Appellant allowed the victim "to see him masturbate," that Appellant showed the victim "how to use a condom," that the victim "had seen Appellant and his wife having intercourse, and Appellant had allowed [victim] to watch a sexually explicit videotape." Appellant acknowledges that as

there was no objection when the evidence came in, review must be made under Rule 30.20. It provides that "plain errors" may be considered here if there is "manifest injustice or miscarriage of justice."

The trial court's ruling on the Motion In Limine is interlocutory and only an objection made at trial when evidence is offered will preserve the issue of the evidence for appellate review. *State v. Lawson,* 876 S.W.2d 770, 777 (Mo.App.1994); *State v. Freeman,* 667 S.W.2d 443, 447 (Mo.App. 1984). There was no plain error due to the evidence. *See State v. Magouirk,* 890 S.W.2d 17 (Mo.App.1994); *State v. Coutee,* 879 S.W.2d 762, 767 (Mo.App.1994); *State v. Nolan,* 717 S.W.2d 573, 577–578 (Mo.App.1986) (showing book containing "sexually-explicit" photographs to eleven-year-old victim). Point I is denied.

For his second point, Appellant contends that the trial court "clearly erred in denying Appellant's Rule 29.15 motion without ensuring that 29.15 counsel fully complied with the mandates of Rule 29.15, because the motion court failed to make a record with Appellant of 29.15 counsel's action."

Following the filing of Appellant's *pro se* Rule 29.15 motion, counsel was appointed for him. Thereafter, counsel filed an affidavit that he had reviewed the files of the court and defense counsel in the criminal matter, including the transcript of the trial court hearing and the post-conviction Rule 29.15 file. He stated that he had inquired of Appellant regarding additional claims or facts, and "does hereby advise the Court that he is not aware of any additional meritorious or colorable claims or facts which may be added in an amended motion on movant's behalf in this matter, and that movant's *pro se* motion includes all claims known to Movant or counsel at this time." This affidavit may be considered by the Court in determining if counsel fulfilled the duties under Rule 29.15. *State v. Shields,* 862 S.W.2d 503, 506 (Mo. App.1993). *See also Cox v. State,* 886 S.W.2d 678, 681 (Mo.App.1994).

Appellant contends that the affidavit is not sufficient to establish that counsel proceeded properly because "his affidavit is silent as to whether appellant's *pro se* motion contains all facts known to him." Appellant asserts that the affidavit did not establish that there were not facts which should have been added by an amended motion to support the claims which Appellant made in his *pro se* motion. He says that counsel failed to amend the *pro se* motion "so that sufficient facts were alleged to preserve appellant's postconviction remedy."

His appointed counsel stated that he inquired of Movant regarding additional facts and was unaware of any facts which may be added to an amended motion on Movant's behalf. If after inquiry, Appellant did not give additional relevant facts which he knew to his counsel, then it is obvious that counsel could not amend to state those facts, unless he learned of them in a different manner. There is no contention that he should have learned of them other than from Appellant. Counsel could never absolutely know whether Appellant knew facts which he did not state either in his *pro se* motion or to counsel. The record sufficiently establishes that counsel did not abandon Appellant by not filing an amended Rule 29.15 motion. Point II is denied.

The judgments are affirmed.

GARRISON, P.J., and CROW, J., concur.