J. A30004/17

2018 PA Super 347


COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                             :         PENNSYLVANIA
                v.            :
                             :
CHARLES P. McCULLOUGH,       :       No. 233 WDA 2016
                             :
             Appellant       :


Appeal from the Judgment of Sentence, December 17, 2015,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CC2009-10522


BEFORE:  SHOGAN, J., STABILE, J., AND FORD ELLIOTT, P.J.E.


DISSENTING OPINION BY FORD ELLIOTT, P.J.E.:
                                    FILED DECEMBER 19, 2018

I very respectfully dissent. I do so because I believe this case and Mr. McCullough's claims represent nothing more than smoke and mirrors. The Majority has carefully and thoroughly set forth the law on judicial impartiality, recusal, and the panoply of a defendant's rights and the need for a fair and impartial trial. I agree with its discussion on the law. My concern is with the application of that law to the facts of this case.

Because of the nature of the issue before us, and in the interests of full disclosure, I report that I have known both Judge Lester G. Nauhaus and President Judge Jeffrey A. Manning professionally and personally for many years. As a member of the Superior Court for almost 30 years, I have affirmed and reversed both judges on numerous occasions as the cases have

warranted. I have personally and professionally known Mr. McCullough's counsel, Jon Pushinsky, Esq., for many years and have decided cases for and against him as he appeared before this court as an advocate. I do not personally know Mr. McCullough, however, I have great respect and regard for his wife, Commonwealth Court Judge Patricia A. McCullough.

Any case must be taken in its context. For instance, Mr. McCullough is not just any defendant, as he was, at the time of trial, an experienced lawyer. This case was a very high profile case in Allegheny County with a great deal of media coverage involving the acts of an attorney allegedly stealing money from an elderly client. Perhaps for this reason, the Commonwealth originally was the party seeking a jury trial and seeking to try both Mr. McCullough and his sister, Kathleen McCullough, together on the charges involving Mrs. Jordan. (See notes of testimony, 4/7/15 at 6-8.)[1]

It is clear from the notes of testimony from the April 7, 2015 status conference that both counsel for Ms. McCullough and Mr. McCullough informed the court that the defendants wished to go non-jury, much to the inappropriate expression of joy by Judge Nauhaus. It is not a secret that trial judges throughout Pennsylvania like non-jury trials, which is why Mr. McCullough or the Commonwealth get to make that call, and not the

---

[1] This writer acknowledges that she was a panel member in related issues involving Mr. McCullough and Ms. McCullough. See Commonwealth v. (Kathleen) McCullough, 86 A.3d 896 (Pa.Super. 2014); Commonwealth v. (Charles) McCullough, 86 A.3d 901 (Pa.Super. 2014).

presiding judge. It is also important to note that a defendant is entitled to a fair trial, not a perfect one. Commonwealth v. Wright, 961 A.2d 119, 135 (Pa. 2008). If perfect trials were possible, there would be a lot less work for this court. Errors that occur during a trial are always reviewed through the lens of prejudice caused to the defendant.

What is critical to my review is that Mr. McCullough did not seek Judge Nauhaus's recusal until after trial, even though he was fully aware of any recusal issue during trial and before the verdict. I do not condone any ex parte communication between Judge Nauhaus and Attorney Pushinsky.[2] However, I fail to see how partial denial of review on the habeas corpus petition and the alleged third-party communication to Attorney Pushinsky, to the effect that Judge Nauhaus likes non-jury trials, prejudiced Mr. McCullough in any way. In order to establish grounds for recusal, the proponent must establish the court's personal bias or prejudice concerning a party or the court's knowledge of disputed evidentiary facts. Code of Jud. Conduct, Rule 2.11(B). My review of the alleged circumstances of bias in this case hardly worked to the prejudice of Mr. McCullough.

Mr. McCullough was thoroughly colloquied in open court and waived his right to a jury trial both orally and in writing. As a lawyer, he knew exactly

---

[2] Any violation of the Code of Judicial Conduct by Judge Nauhaus in this matter is not subject to review by this court. Code of Jud. Conduct, Rule 2.9. See also Reilly by Reilly v. Southeastern Pennsylvania Transp. Authority, 489 A.2d 1291, 1299 (Pa. 1985).

what he was doing. If he wanted a jury trial, he knew he could have it.[3] He did not make any objection at that time, nor at any point during the trial did he seek Judge Nauhaus's recusal. It was only after he was disappointed by the verdict that he sought to have Attorney Pushinsky withdraw and, with new counsel, filed the recusal motion.[4]

With respect to the communication involving Martin L. Schmotzer, a friend of Mr. McCullough,[5] I have a hard time finding a basis for the recusal of Judge Nauhaus. As a judge, I have to rely on my judicial staff for counsel, research, and review on cases which I decide, and this is permissible under the Judicial Code. It seems the alleged problem here is with the impropriety of Judge Nauhaus's secretary. If one of my judicial staff discussed a pending case outside chambers in the courthouse or a luncheonette, it would be grounds for immediate dismissal. It would not be grounds for my recusal, and I agree with Judge Manning, this evidence was not material to the recusal issue. In any event, Mr. McCullough was aware of this alleged conversation during trial and made no objection nor attempted to bring the issue to the attention of the trial court until after the verdict. Obviously, the reported comments communicated directly to Mr. McCullough regarding the sufficiency

---

[3] As noted by this court in Commonwealth v. Saltzberg, 516 A.2d 758, 761 (Pa.Super. 1986), a jury trial and verdict would have insulated the fact-finding process, potentially relieving Mr. McCullough of his concerns.

[4] Mr. McCullough was charged with 21 counts and convicted of 10.

[5] This writer is also acquainted with Mr. Schmotzer.

or lack thereof of the Commonwealth's case would appear to work in Mr. McCullough's favor. I am not surprised Mr. McCullough did not raise the issue with the trial court.

As for the testimony of Attorney Pushinsky and the limited waiver, I take no position on whether the limited waiver was valid or not. I do so because, as in my discussion supra, even assuming the existence of ex parte communications between Attorney Pushinsky and Judge Nauhaus, Mr. McCullough has not established how he was prejudiced by these obscure exchanges.

Additionally, I believe that Judge Manning was correct in deciding that Judge Nauhaus was not competent to testify pursuant to Pa.R.E. 605. The Majority states:

> As the Commonwealth observes, in referring the recusal petition to [Judge] Manning and asking him to hold the evidentiary hearing, Judge Nauhaus, in essence, recognized that "he could not preside over the hearing." Moreover, Judge Nauhaus' referral of the recusal petition to [Judge] Manning suggests that Judge Nauhaus recognized that the petition was not frivolous or wholly without foundation. Nonetheless, because Judge Nauhaus did not preside over the hearing, it becomes clear that Rule 605 was inapplicable sub judice and that the trial court, i.e., [Judge] Manning, abused its discretion in relying upon Rule 605 to find Judge Nauhaus incompetent to testify.

Majority Opinion at 34-35 (internal citations omitted).

I can find no support for this conclusion in the record. At the time of the recusal hearing, Judge Nauhaus was still presiding over the trial and

sentencing matters. The fact that Judge Nauhaus referred the recusal matter to another judge did not mean that he recused himself from the underlying case. Judge Nauhaus appeared at the hearing and asserted his refusal to testify because in doing so his interests would become adversarial to Mr. McCullough and therefore would require his recusal. Judge Nauhaus had no obligation to testify if he still wished to preside over the underlying case. It is of no moment that he did, in fact, subsequently ask that another judge be assigned for sentencing.

> Taken together, [Reilly and Municipal Publications, Inc. v. Court of Common Pleas of Philadelphia County, 489 A.2d 1286 (Pa. 1985),] delineate the proper role of a judge in considering a recusal motion alleging judicial prejudice. Absent an abuse of discretion, the judge may properly decide recusal motions concerning his impartiality if he believes he can adjudicate the case fairly and objectively. A trial judge is bound to excuse himself only when he has personal knowledge of the disputed facts and has decided to testify at the recusal hearing. Reilly, [] 489 A.2d at 1299; Municipal Publications, [] 489 A.2d at 1286. See also Reilly, [] 489 A.2d at 1307 (Hutchinson, J., concurring).

Saltzberg, 516 A.2d at 760.

I understand the Commonwealth's change of position on recusal during the hearing before Judge Manning, for it would seem that all of the alleged judicial bias worked in Mr. McCullough's favor and not the Commonwealth's. However, this is Mr. McCullough's appeal from his judgment of sentence, so the Commonwealth's protestations are not relevant.

I cannot join in the Majority's remand of this case. If I were to reach the merits, I would affirm on the careful, extensive, and thorough opinion of Judge Cashman filed on May 1, 2017.