J-S51037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH J. NEFF, | : | |
| | : | |
| Appellant | : | No. 1839 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 8, 2018
in the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000776-2017

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED: NOVEMBER 5, 2019**

Joseph J. Neff ("Neff") appeals from the judgment of sentence imposed after a jury convicted him of approximately 350 counts of unlawful contact with a minor, 125 counts each of aggravated indecent assault and indecent assault, 100 counts of involuntary deviate sexual intercourse with a child, 25 counts of corruption of minors, and one count each of rape of a child and statutory sexual assault.[1] We affirm.

Between approximately 2009 to 2016, Neff perpetrated various sexual offenses against a minor female, E.B. (the "victim"), the sister of Neff's estranged wife. Neff began sexually assaulting the victim when she was approximately 8 years old. The assaults usually occurred while the victim was

_____

[1] **See** 18 Pa.C.S.A. §§ 6318(a)(1), 3125(a)(7) and (a)(8), 3126(a)(7) and (a)(8), 3123(b), 6301(a)(1), 3121(c), 3122.1.

in the care and custody of Neff and his wife. The crimes were reported to the State College Police Department in April 2017. While Neff was being interviewed at the police department, he admitted that he had committed various sexual assaults against the victim. The police subsequently charged Neff with the above-mentioned offenses.

The matter proceeded to a jury trial on November 30, 2017. Notably to this appeal, prior to opening statements, the trial court permitted the Commonwealth, over a defense objection, to publish to the jury three photographs of the victim (collectively, the "Photographs"). These Photographs, which depicted the victim with family members and alone, were taken when the victim was approximately 10 and 11 years old.[2] Neff's counsel argued that the Photographs were irrelevant, inflammatory, and unduly prejudicial to Neff. The trial court permitted the Commonwealth to introduce the Photographs, with the understanding that they could not be published during its opening statement.

In its case-in-chief, the Commonwealth presented the testimony of several witnesses, including the victim and Neff's former romantic partner, Amanda Nisely ("Nisely"). Nisely testified, in relevant part, that (1) Neff had confessed to her (in a letter and in a subsequent statement) that he sexually

---

[2] The Commonwealth sought to introduce the Photographs to demonstrate to the jury what the victim looked like when she was assaulted by Neff, as opposed to her appearance at trial, when she was 16 years old.

assaulted the victim; and (2) Nisely believed Neff's confession to be truthful.[3]

In response to this testimony, Neff's counsel moved for a mistrial, urging that Nisely's prohibited testimony was inadmissible pursuant to a pretrial ruling on a defense Motion *in limine*.[4]  Although the trial court denied Neff's Motion for a mistrial, it immediately gave the jury a curative instruction, which Neff's counsel had requested.  Neff testified on his own behalf and denied committing most of the charged crimes.  At the close of trial, the jury found Neff guilty of the above-mentioned offenses.

On May 8, 2018, the trial court imposed an aggregate sentence of 28 to 56 years in prison.  Neff timely filed a Post-sentence Motion, wherein he challenged the sufficiency and weight of the evidence supporting his convictions.  Following the trial court's denial of this Motion on October 10, 2018, Neff timely filed a Notice of Appeal.  The trial court ordered Neff to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Neff timely complied.  The court then issued a Rule 1925(a) Opinion.

Neff presents the following issues for our review:

1. Whether the lower court properly permitted the Commonwealth to introduce photographs of the alleged

---

[3] Specifically, Nisely opined that Neff's admissions to her "[were] not something fabricated[,]" *i.e.*, because they had come from "Neff's own mouth[.]"  N.T., 11/30/18, at 191; **see also id.** (wherein Nisely stated that she was glad that Neff was "an honest enough person to admit it[.]").  We will hereinafter refer to these statements as "Nisely's prohibited testimony."

[4] The court's granting of the Motion *in limine* excluded at trial any opinion testimony on the matter of Neff's credibility.

victim and her family[,] which were not relevant to the issues at trial[?]

2. Whether the trial court erred in refusing to grant a mistrial[,] when [Nisely] violated a Motion *in limine* Order and expressed an opinion on the guilt of [Neff?]

Brief for Appellant at 5 (capitalization omitted).

In his first issue, Neff argues that the trial court erred as a matter of law in permitting the Commonwealth, over his objection, to introduce the Photographs at trial,[5] as they were irrelevant and unduly prejudicial. **See id.** at 11-13. According to Neff, the Commonwealth sought to introduce the Photographs for the improper purpose of garnering sympathy from the jury. **Id.** at 12. Neff additionally emphasizes that the trial court did not give any jury instruction concerning the Photographs, which, he asserts, "compound[ed] the prejudice[.]" **Id.** at 13.

This Court has stated the well-established standard of review for admission of evidence claims as follows: "[I]n reviewing a challenge to the admissibility of evidence, we will only reverse a ruling by the trial court upon a showing that it abused its discretion or committed an error of law. … To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." **Commonwealth v. Lopez**, 57 A.3d 74, 81 (Pa. Super. 2012) (citation omitted).

---

[5] The Commonwealth introduced the Photographs on two occasions: during the victim's testimony and during the Commonwealth's closing argument.

In its Opinion, the trial court addressed this claim, and set forth the relevant law, as follows:

In overruling [Neff's] objection [to the admission of the Photographs], the [trial c]ourt accepted the Commonwealth's argument that the [P]hotographs were not inflammatory, and that they were relevant to demonstrating the victim's age at the time of the crimes.

In determining whether a photograph is inflammatory, a court should determine whether the picture is "so gruesome it would tend to cloud the jury's objective assessment of the guilt or innocence of the defendant." *Commonwealth v. Funk*, 29 A.3d 28, 33 (Pa. Super. 2011). The [P]hotographs at issue in the case at bar were of the child victim and members of her family; there was nothing gruesome about them, and the [c]ourt [initially did] not believe there was any error in overruling the objection on this basis. Based on appellate cases decided since the time of trial, however, the [c]ourt believes [that] admission of the [P]hotographs[,] over [Neff's] relevancy objection[,] was in error. Specifically, in *Commonwealth v. Vucich*, 194 A.3d 1103 (Pa. Super. 2018), a case virtually on point with respect to this issue, the Pennsylvania Superior Court held [that] photographs of a child sex crime victim[,] from the timeframe in which the crimes were committed[,] were legally irrelevant and should not have been admitted into evidence. *See id.* at 1106-11. In *Vucich*, the defendant was charged with various crimes arising from his sexual abuse of a child victim, including rape of a child, involuntary sexual deviate intercourse with a child, unlawful contact with a minor, corruption of minors, and indecent assault of a person less than thirteen. *Id.* at 1106. Over objection of the defendant, the trial court admitted two photographs showing the child victim between the ages of nine and eleven. On appeal, the Superior Court agreed with the defendant that the victim's appearance at the time of the crimes did not tend to demonstrate any material fact, so the photographs did not meet the threshold relevancy requirement. *Id.* at 1107-09. Although the *Vucich* Court ultimately determined [that] admission of the photographs had been harmless error [(which we discuss *infra* in the instant appeal)], it also determined that it was error to admit them in the first instance. *Id.*

- 5 -

Based on the **Vucich** decision, th[e trial c]ourt [in the instant case] concludes that admission of the [] [P]hotographs of the child victim … was error, and that the [P]hotographs should have been excluded as irrelevant. However, as noted above, there was nothing inflammatory about the [P]hotographs, and the Commonwealth's use of them at trial was limited to brief foundation testimony and publication to the jury. Under the circumstances of this case, the [trial c]ourt submits that the resulting prejudice to [Neff], if any, was *de minimis*, and the error [was] therefore harmless.

Trial Court Opinion, 1/7/19, at 2-3 (citation to record omitted). The trial court's sound analysis is supported by the law and the record.

As in **Vucich**, we conclude that the Photographs of the victim were irrelevant and therefore inadmissible, but that the error in their admission was harmless. "The harmless error doctrine, as adopted in Pennsylvania, reflects the reality that the accused is entitled to a fair trial, not a perfect trial. … Harmless error exists[, in relevant part,] if the record demonstrates [that] … the error did not prejudice the defendant or the prejudice was *de minimis* …." **Commonwealth v. Hairston**, 84 A.3d 657, 671 (Pa. 2014) (citations and quotation marks omitted). Moreover, "[a]n error may be deemed harmless … where the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict." **Commonwealth v. Moore**, 937 A.2d 1062, 1073 (Pa. 2007).

Like in **Vucich**, the Commonwealth in this case briefly showed the jury the Photographs on only two occasions. Therefore, while the Photographs were irrelevant, **see Vucich**, 194 A.3d at 1110-11, their use was limited, and

they merely depicted the victim's general appearance at the time of the assaults. Although the Photographs were inadmissible, we agree with the trial court that any prejudicial effect was *de minimis* and would not have affected the outcome of the trial. ***See id.*** Moreover, we conclude that the trial court's error was harmless in light of the overwhelming evidence of Neff's guilt, where Neff had confessed to the crimes on multiple occasions prior to trial, and the victim described the assaults, which occurred over many years, in detail. ***See Moore***, ***supra***. Accordingly, Neff's first issue fails.

In his second issue, Neff contends that the trial court abused its discretion in denying his Motion for a mistrial, where Nisely's prohibited testimony deprived him of a fair jury trial. ***See*** Brief for Appellant at 13-14. Neff alleges that Nisely's prohibited testimony violated the Motion *in limine*, and the trial court's curative instruction to the jury on the matter was insufficient to cure the prejudice he suffered. ***Id.*** at 14.

> Our standard of review in assessing the denial of a mistrial is as follows:
>
> The trial court is in the best position to assess the effect of an allegedly prejudicial statement on the jury, and as such, the grant or denial of a mistrial will not be overturned absent an abuse of discretion. A mistrial may be granted only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. Likewise, a mistrial is not necessary where cautionary instructions are adequate to overcome any possible prejudice.

*Commonwealth v. Johnson*, 107 A.3d 52, 53 (Pa. 2014) (citation omitted); *see also Commonwealth v. Judy*, 978 A.2d 1015, 1019 (Pa. Super. 2009) (emphasizing that a mistrial is an extreme remedy).

Our Supreme Court has explained that "whether the exposure of the jury to improper evidence can be cured by an instruction depends upon a consideration of all the circumstances." *Commonwealth v. Richardson*, 437 A.2d 1162, 1165 (Pa. 1981). Two considerations are particularly important in determining potential prejudice to a defendant: (1) the nature of the reference; and (2) whether the testimony was intentionally elicited by the prosecutor. *Commonwealth v. Satzberg*, 516 A.2d 758, 762 (Pa. Super. 1986).

Here, the record reveals that Nisely's prohibited testimony was not intentionally elicited. In fact, it occurred in response to an *unrelated* question asked by the prosecutor, which the prosecutor based on a specific remark that Nisely had made regarding Neff's conduct in her prior police statement.[6] *See* N.T., 11/30/17, at 192 (wherein the prosecutor explained to the court, "Judge, I didn't illicit [*sic*] that comment. I asked [Nisely] how she was feeling …. It's not what I was expecting to come out of her mouth. [Nisely] had written in her [police] statement that she felt physically ill.").

---

[6] Specifically, the prosecutor questioned Nisely, concerning the feeling that she had in response to hearing Neff's confession, "[d]id it make you physically ill?" N.T., 11/30/17, at 190. Nisely then offered Nisely's prohibited testimony. *Id.* at 191.

Additionally, the trial court thoroughly and immediately instructed the jury that Nisely's prohibited testimony should be disregarded, and that it was the sole purview of the jury to assess the credibility of witnesses. *Id.* at 193-94. Neff is entitled to a fair trial, not a perfect one. ***Hairston***, ***supra***. Under the circumstances, we conclude that any arguable prejudice to Neff attributable to Nisely's prohibited testimony was effectively cured by the cautionary instruction to the jury. ***See Johnson***, ***supra***. Therefore, the trial court did not abuse its discretion in denying Neff's Motion for a mistrial, and his second issue entitles him to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/2019